■ GUNNAR E. LARSON et al., Appellants-Respondents, v DELLA M. HERALD, Respondent-Appellant. — Order unanimously modified, on the law, to grant plaintiffs' motion for summary judgment on the issue of liability under subdivision 1 of section 240 of the Labor Law, and as modified, affirmed, without costs. Memorandum: Plaintiff husband, an independent roofing contractor, was injured on May 16, 1979 when he fell from his personally owned ladder which slipped or shifted while he was repairing the roof of defendant's single-family dwelling. The use of an unsecured ladder constitutes a violation of subdivision 1 of section 240 of the Labor Law and gives rise to absolute liability on the part of the building owner even though the owner exercised no supervision, control or direction of the work being performed and the person injured by the violation was a self-employed independent contractor whom the owner had engaged to do the work (*Haimes v New York Tel. Co.*, 46 NY2d 132; see, also, *Koenig v Patrick Constr. Corp.*, 298 NY 313; *Walters v Hansen & Son*, 73 AD2d 618; *Cardile v D'Ambrosia*, 72 AD2d 544). The 1980 amendment of section 240 of the Labor Law which exempts owners of one- and two-family dwellings (L 1980, ch 670) is not retroactive and section 240 as it existed at the time of the accident applies to defendant (*Franz v Dregalla*, 94 AD2d 963). Additionally, a "hold harmless" agreement, which would essentially waive the protection offered plaintiff by section 240, cannot be inferred from the oral agreement between the parties under which defendant entrusted to plaintiff the manner in which the roof was to be repaired (cf. *Horning v Gore*, 87 AD2d 34). (Appeals from order of Supreme Court, Chautauqua County, McGowan, J. — summary judgment.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.