■ ROBERT J. HARMON et al., Respondents, v DORIS SAGER, Appellant. — Appeal from an order of Supreme Court at Special Term (Conway, J.), entered January 11, 1984 in Albany County, which granted plaintiffs' motion for partial summary judgment on the issue of liability.

On August 17, 1981, plaintiff[*] was painting the upper exterior portion of a building owned by defendant from a 36-foot wooden extension ladder. Plaintiff sustained serious injuries when the ladder broke, causing plaintiff to fall 20 feet to the ground. Plaintiff and his wife commenced this action for damages for plaintiff's injuries and for loss of services, alleging that defendant violated subdivision 1 of section 240 of the Labor Law (all statutory references are to the Labor Law). Thereafter, Special Term granted plaintiffs' motion for partial summary judgment on the issue of liability and referred to Trial Term the issue of damages. Defendant appeals from the order entered thereon.

We reject defendant's claim that there is an issue of fact as to whether she was subject to the duties and liabilities of subdivision 1 of section 240 because it is unclear whether the building which plaintiff was painting was a two- or three-family dwelling. Only owners of one- and two-family dwellings who contract for but do not direct or control the work have been excepted by the Legislature from the scope of subdivision 1 of section 240 (L 1980, ch 670, § 1). The record in this case establishes that the building which plaintiff was painting had three floors with

---

[*] Our references to plaintiff are to Robert J. Harmon.

separate gas meters for each floor. The first floor, though unoccupied at the time of plaintiff's fall, had its own entrance, bedroom, kitchen and bathroom, was previously used as a residence by one of defendant's sons and his family and as a commercial business by another of defendant's sons, had a "For Rent" sign in the window at the time of plaintiff's fall, and was later rented to a family. The second floor was occupied by defendant and the third floor was occupied by other tenants of defendant. From this record, each floor of the building must be considered a separate dwelling within the contemplation of subdivision 1 of section 240, and it cannot therefore be disputed that the building which plaintiff was painting was a three-family dwelling. Accordingly, defendant as a matter of law, is subject to the duties and liabilities of subdivision 1 of section 240.

We also reject defendant's claim that there are issues of fact as to whether the ladder from which defendant fell was defective and whether such defect was the proximate cause of plaintiff's injuries. Subdivision 1 of section 240 provides in pertinent part: "All * * * owners * * * in the * * * painting * * * or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor * * * ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed." This provision imposes nondelegable duties which, when breached, result in absolute liability (*Haimes v New York Tel. Co.,* 46 NY2d 132; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468, 469-470). In order to prevail, all a plaintiff must prove is that the statute was violated and that the violation was the proximate cause of the injuries sustained (see, e.g., *Zimmer v Chemung County Performing Arts,* 102 AD2d 993, 994; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 363, app dsmd 58 NY2d 824).

The record in the instant case reveals a violation of the statute in that plaintiff was injured when the ladder on which he was standing broke and caused him to fall (see *Haimes v New York Tel. Co., supra; Larson v Herald,* 96 AD2d 1137). That plaintiff fell from his own ladder and might have been contributorily negligent with regard to the maintenance of the ladder does not alter defendant's absolute liability under subdivision 1 of section 240 (see *Haimes v New York Tel. Co., supra; Larson v Herald, supra; Engel v Nedwidek,* 91 AD2d 794, 795). The possibility that the ladder did provide plaintiff with proper protection but broke under the combined weight of plaintiff and his son was raised by defendant through hearsay and is insufficient to defeat plaintiffs' motion for partial summary judgment

because no acceptable excuse for the failure to present firsthand knowledge was presented (see *Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026). In any event, for a 36-foot construction-type extension ladder to break under the weight of only two men would indicate that the ladder failed to provide proper protection as a matter of law (cf. 12 NYCRR 23-1.3, 23-1.21 [b] [1]). Thus, the statute was violated and there can be no serious dispute that plaintiff's injuries were caused by this violation. Accordingly, Special Term properly granted plaintiffs' motion for partial summary judgment on the issue of liability.

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.