■ JOHN D. VAN NOY et al., Plaintiffs, and MARGARET WOODSIDE, Respondent, v CORINTH CENTRAL SCHOOL DISTRICT, Appellant. — Harvey, J. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered October 1, 1984 in Saratoga County, which denied defendant's motion for partial summary judgment dismissing the complaint of plaintiff Margaret Woodside.

The 15 plaintiffs in this action are retired school teachers who formerly taught in defendant's school district. Prior to July 1977, defendant made full payment of health insurance premiums on behalf of its retired employees. In July 1977, defendant discontinued paying part of the premiums thereof and, in May 1979, defendant discontinued all contributions.

Plaintiffs allege that the school district entered into a contract in 1967 with the teachers for an extension of fringe benefits in lieu of an increase of salary. This alleged agreement was to have come into existence while plaintiffs were still actively employed. The health insurance benefits were to have continued to the teachers and their spouses after retirement. Plaintiffs contend that had defendant granted a salary increase, instead of health insurance, their retirement benefits would have been greater because benefits are computed upon the basis of salaries received before retirement.

After plaintiff Margaret Woodside testified at an examination before trial, defendant moved for summary judgment against her but not against the remaining 14 plaintiffs. The record does not disclose whether any other plaintiff has been examined. Special Term denied the motion and this appeal by defendant ensued.

The main thrust of defendant's argument in support of the motion for partial summary judgment against plaintiff Woodside was that the Statute of Frauds was a complete defense to the alleged oral agreement. The statute requires a writing if, by

its terms, the agreement "is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime" (General Obligations Law § 5-701 [a] [1]). However, there are exceptions. The doctrine of part performance may be applied where a party's conduct is " 'unequivocally referable' " to the oral agreement (*Burns v McCormick,* 233 NY 230, 232). A plaintiff also has the possible remedy of equitable estoppel to prevent the infliction of unconscionable injury and loss upon a person who has relied upon the promise of another (*see, American Bartenders School v 105 Madison Co.,* 59 NY2d 716, 718). Defendant contends that plaintiff Woodside's testimony negates the existence of both exceptions.

Summary judgment deprives the litigant of his day in court and is considered to be a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues (*Andre v Pomeroy,* 35 NY2d 361, 364; *Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57; *Bershaw v Altman,* 100 AD2d 642). There is no doubt that defendant paid health insurance premiums for its teachers, both active and retired, for a most substantial period of time. Logic would favor a conclusion that the payments were not eleemosynary.

Plaintiff Woodside's testimony did not bolster her case appreciably. On the other hand, there was no evidence submitted by defendant on the motion which either negated the existence of a contract or explained the status of the retirees as being different from that alleged by plaintiffs. We believe that issues of fact have been created by the assertions of the complaint and by uncontradicted facts not inconsistent with those assertions.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.