■ DIANE LINNEY, as Administratrix of the Estate of HAROLD J. LINNEY, JR., Deceased, Respondent, v CONSISTORY OF BELLEVUE REFORMED CHURCH, Defendant and Third-Party Plaintiff-Appellant. JAMES A. EDGAR, Individually and Doing Business as SNAPPY LINE ROOFING SERVICE, et al., Third-Party Defendants-Respondents-Appellants.—Harvey, J. Appeals from an order of the Supreme Court at Special Term (Bradley, J.), entered November 5, 1984 in Schenectady County, which, *inter alia,* granted plaintiff's motion for partial summary judgment on the issue of liability and denied the cross motion of defendant for summary judgment on its third-party complaint.

Plaintiff's decedent sustained fatal injuries when he fell through an unprotected opening in the roof of a building on May 16, 1980. The building was owned by defendant. Decedent was in the course of his employment by third-party defendants, who had contracted with defendant to install a new roof on the building. In the course of the installation of the new roof, third-party defendants' employees were required to remove 12 skylights and then replace them after certain changes were made in the roof being installed. While installing insulation around one of the skylight openings, decedent fell approximately 17 feet to a gym floor below and sustained fatal injuries. It is clear from the record that the skylight had been removed from the roof, leaving an unprotected open hole. There was no proof of any safety or protective device being in place at the time of the accident.

Plaintiff commenced the instant action against defendant, alleging a cause of action for violations of Labor Law §§ 240 and 241 and a cause of action predicated on defendant's alleged gross negligence. Defendant then commenced a third-

party action against decedent's employer, seeking reimbursement in the event of the necessity of its payment of a money judgment in favor of plaintiff. After joinder of issue and certain discovery proceedings, plaintiff moved for partial summary judgment on the issue of liability. Defendant opposed the motion and cross-moved for dismissal of plaintiff's complaint. Defendant also cross-moved in the alternative for summary judgment against third-party defendants in the event that plaintiff's motion for partial summary judgment was granted. Third-party defendants opposed both plaintiff's summary judgment motion and defendant's motion for the alternative relief of summary judgment against them.

Special Term found that Labor Law § 240 was determinative of the action and granted plaintiff's motion for partial summary judgment, deciding the issue of liability in plaintiff's favor. Special Term denied that portion of defendant's motion which sought summary judgment against third-party defendants for reasons discussed in more detail later in this memorandum. Both defendant and third-party defendants appeal from Special Term's decision.

The provisions contained in Labor Law § 240 render both the contractor and the property owner absolutely liable for a violation of the statute (*Harmon v Sager,* 106 AD2d 704, 705). The purpose of the statute is to place responsibility for maintaining safeguards for the protection of workers in positions of great risk upon those parties considered best suited to provide such safeguards. In order to prevail in a Labor Law § 240 action, a plaintiff need only establish that the statute was violated and that the violation was a proximate cause of his injury (*Zahn v Pauker,* 107 AD2d 118, 119; *Harmon v Sager, supra,* p 705). Where a plaintiff meets that burden, summary judgment resolving the issue of liability in plaintiff's favor is an appropriate remedy (*Harmon v Sager, supra,* p 706).

The record in the instant case establishes a violation as a matter of law. Since defendant failed to put into use any type of safety device to protect decedent from an accidental fall through the opening in the roof, the statute was clearly violated and it was that violation which resulted in the fatal injuries (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523; *Brant v Republic Steel Corp.,* 91 AD2d 841, *appeal dismissed* 59 NY2d 761). The fact that third-party defendants were in control of the actual construction work requires no different result since the owner is charged with the nondelegable statutory responsibility to provide proper safeguards. Even though there was plywood available at the

construction site, which might have been utilized to provide protection but was not utilized by the contractor, defendant was not relieved of its statutory duty. Defendant failed to perform that duty making partial summary judgment as to its liability proper (see, Heath v Soloff Constr., 107 AD2d 507, 512).

Special Term mistakenly relied upon Heritage v Van Patten (59 NY2d 1017) in denying defendant's motion for summary judgment against third-party defendants. It concluded that "absent contractual provisions for indemnification or other circumstances", Workers' Compensation Law §§ 11 and 29 (6) constituted an exclusive remedy. Heritage stands for the proposition that workers' compensation is an exclusive remedy against an owner who is also a coemployee. The court dismissed the direct cause of action alleged in Heritage. The third-party action herein is governed by Westchester Light. Co. v Westchester County Small Estates Corp., (278 NY 175) and Dole v Dow Chem. Co. (30 NY2d 143). In this instance, defendant does not sue for damages "on account of" decedent's death. It asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by third-party defendants (see, Westchester Light. Co. v Westchester County Small Estates Corp., supra, p 179).

We conclude that third-party defendants violated Labor Law § 240 and must, at least, reimburse defendant to the extent that it shares responsibility under Labor Law § 240. It may also be liable for reimbursement in whole or in additional part as determined at trial on the basis of evidence admitted in support of the allegations against third-party defendants alleged in the third-party complaint (see, Rogers v Dorchester Assoc., 32 NY2d 553; Dole v Dow Chem. Co., supra, p 153; Garrett v Holiday Inns, 86 AD2d 469, mod 58 NY2d 253).

Order modified, on the law, with costs to plaintiff and defendant against third-party defendants, by granting defendant's cross motion for summary judgment to the extent of determining liability on the part of third-party defendants, and, as so modified, affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.