■ JOYCE D. GOWETT, Individually and as Executrix of WALTER F. GOWETT, Deceased, Appellant-Respondent, v TOWN OF PLATTSBURGH, Defendant and Third-Party Plaintiff-Respondent-Appellant, and ROGER P. KENNEDY GENERAL CONTRACTOR, INC., Respondent. KEN-CON, INC., Third-Party Defendant-Respondent.—Harvey, J. Cross appeals from an order of the Supreme Court (Duskas, J.), entered February 3, 1987 in Clinton County, which denied plaintiff's motion for partial summary judgment and defendant and third-party plaintiff's motion for partial summary judgment.

Plaintiff's decedent sustained fatal injuries when he fell from the roof of a building approximately 15 to 20 feet to a cement floor. At the time of the mishap decedent was employed as a carpenter by third-party defendant, Ken-Con, Inc., which had subcontracted with defendant Roger P. Kennedy General Contractor, Inc. (Kennedy) to construct a roofing system on an addition to a building owned by defendant and third-party plaintiff, Town of Plattsburgh (Town). Plaintiff commenced the instant suit alleging, *inter alia,* violations of Labor Law §§ 200, 240 and 241. The Town made a cross claim against Kennedy and brought a third-party action against Ken-Con, seeking indemnification from both parties.

Following limited discovery, plaintiff moved for partial summary judgment on the issue of defendants' liability. Plaintiff alleged that there was no triable issue of fact as to defendants' failure to provide safety devices as required by Labor Law § 240 (1). The Town also made a motion for partial summary judgment. It sought summary judgment on its indemnification claim in the event that plaintiff successfully established liability of the Town in her motion. Finding the existence of issues of fact and noting that the parties had not been given an opportunity to complete discovery, Supreme Court denied both motions without prejudice. Appeals by plaintiff and the Town followed, with the Town seeking a determination of the indemnification issue only in the event this court reverses Supreme Court's denial of summary judgment on the liability issue.

Labor Law § 240 imposes absolute liability upon an owner or contractor for injuries proximately caused by a failure to provide proper protection to a worker (see, Bland v Manocherian, 66 NY2d 452, 459; Alston v Golub Corp., 129 AD2d 916). In order to be entitled to summary judgment on the issue of liability, plaintiff must therefore establish as a matter of law that the statute was violated and that the violation was a proximate cause of decedent's injuries (see, Linney v Consistory of Bellevue Refm. Church, 115 AD2d 209). The existence of factual issues, however, precludes the granting of the drastic remedy of summary judgment (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404; Moskowitz v Garlock, 23 AD2d 943, 944). This accelerated judgment, which deprives a litigant of his day in court, "should only be employed when there is no doubt as to the absence of triable issues" (Andre v Pomeroy, 35 NY2d 361, 364; see, Van Noy v Corinth Cent. School Dist., 111 AD2d 592, 593).

Here, plaintiff's motion for summary judgment relies primarily on the testimony of a co-worker of decedent, Leonard La Tour, taken at the sole deposition upon oral questions conducted so far in this lawsuit. La Tour's testimony, however, reveals some uncertainty and ambiguity as to key facts. For example, when asked if he was able to see whether decedent had any safety belt or lifeline on his person, La Tour responded, "No. I didn't get that close to him". La Tour was also uncertain as to the location of scaffolding which he stated was present at the jobsite. Further, a search of the record reveals an affidavit of Kennedy's project manager stating that temporary walkways, platforms and flooring had been provided to the workers, including decedent. We conclude that, at this

stage of the litigation, the details of the circumstances surrounding the accident have not yet developed fully enough to conclude that plaintiff is entitled to summary judgment on the issue of liability *(see, Pastoriza v State of New York,* 108 AD2d 605).

Having determined that Supreme Court properly denied plaintiff's motion for partial summary judgment, it is not necessary to address the issues raised by the Town in its appeal.

Order affirmed, with costs. Mahoney, P. J., Yesawich, Jr., Levine and Harvey, JJ., concur; Main, J., not taking part.