MIKE P. KOUMIANOS et al., Respondents, v STATE OF NEW YORK, Appellant.

Third Department, October 27, 1988

APPEARANCES OF COUNSEL

*James T. Viger (Robert M. Cohen* of counsel), for appellant.

*Levy, Phillips & Konigsberg (Steven J. Phillips* of counsel), for respondents.

## OPINION OF THE COURT

WEISS, J. P.

Claimant Mike P. Koumianos (hereinafter claimant), an employee of a painting contractor, was injured while rigging cable used to support scaffolding underneath a State-owned bridge on Interstate Route 787 in the City of Albany. The accident occurred when part of a "come along" device used to tighten the cables came loose and struck claimant's head while he was standing on a ladder. At the time, neither claimant nor any co-workers wore available hard hats or safety helmets provided by the employer. In this action, claimants seek to impose absolute liability against the State, as owner, pursuant to Labor Law § 240 (1), for the unsafe placement of the come along and ladder and the failure to provide hard hats. The Court of Claims granted claimants partial summary judgment on the issue of liability, concluding that while the ladder had no role in the accident, in the absence of a fall, the subject come along was a type of equipment or device covered by the statute and that the failure to mandate the use of hard hats by workers using the device violated the statute and proximately caused the accident. The Court of Claims subsequently denied the State's motion for renewal but granted reargument; the court adhered to its original decision that the come along was an "other device" specified in the statute and that there was no proof claimant refused the use of a hard hat, if in fact he was aware of its availability. The State has appealed from the grant of partial summary judgment, the denial of its motion to renew and the adherence to the original decision after reargument.

■ We affirm. "Labor Law § 240 imposes absolute liability upon an owner or contractor for injuries proximately caused by a failure to provide proper protection to a worker" *(Gowett v Town of Plattsburgh,* 133 AD2d 1007, 1008). This legislation is designed to protect workers by placing the " 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor' " *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520, quoting 1969 NY Legis Ann, at 407). To obtain summary judgment on the issue of liability, claimant must establish as a matter of law both that the statute has been violated and that the violation was the proximate cause of his injuries *(supra; see, Amedure v Standard Furniture Co.,* 125 AD2d 170, 172-173; *Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209). The existence of factual issues will preclude this drastic relief *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395), which should only be granted when no doubt exists as to the absence of such issues *(Andre v Pomeroy,* 35 NY2d 361, 364).

As a threshold argument, the State asserts that the Court of Claims erred in considering the come along to be an "other device" covered by Labor Law § 240 (1). We disagree. Even were we to consider the expert affidavits presented by the State on its motion to renew and/or reargue,* which explain that the come along is neither a pulley nor a hoist, we find that the come along does qualify as an "other device". The record confirms that the come along was utilized to tighten cables intended to support the scaffolding needed to paint the bridge. As such, the come along may properly be deemed a "functionally similar or related device" within the statutory coverage *(see, Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 316). It follows that the State was required to provide adjunct safety equipment, such as safety helmets, as needed to complete the task *(see, Izrailev v Ficarra Furniture,* 70 NY2d 813, 815).

To support their motion, claimants submitted affirmative proof demonstrating that claimant was injured while standing on a ladder, utilizing a come along to tighten cable for a scaffold, when the cable and come along came loose and struck him on the head. He was not wearing a safety helmet. In our

---

* While the Court of Claims denied the State's motion to renew, we note that the court did consider the proffered expert affidavits in reanalyzing the issue regarding the come along.

view, this proof demonstrates as a matter of law that Labor Law § 240 (1) was violated and that the violation proximately caused claimant's head injuries *(see, Harmon v Sager,* 106 AD2d 704; *see also, Cartella v Strong Museum,* 135 AD2d 1089; *Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209, *supra).* The State's argument that Labor Law § 240 (1) pertains only to injuries resulting from falls is unfounded *(see, Gregory v General Elec. Co.,* 131 AD2d 967, 968).

The State maintains, nonetheless, that it raised a question regarding whether hard hats were provided at the jobsite which created a triable factual issue precluding summary judgment *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, *supra).* It is now well established that an owner or contractor may not avoid liability under Labor Law § 240 (1) merely by asserting that safety devices were available at the jobsite *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524, *supra; Goldthwait v State of New York,* 120 AD2d 969; *Lickers v State of New York,* 118 AD2d 331; *Linney v Consistory of Bellevue Refm. Church, supra; Heath v Soloff Constr.,* 107 AD2d 507, 512). Moreover, the worker's negligence in contributing to the accident, such as a failure to wear an available hard hat, does not diminish the absolute duty of the owner/general contractor under Labor Law § 240 (1) *(see, Bland v Manocherian,* 66 NY2d 452, 461). This does not mean that an affirmative duty exists "to compel a worker who refuses to use available satisfactory equipment to do so" *(Zimmer v Chemung County Performing Arts, supra,* at 526 [Simons, J., concurring]). Labor Law § 240 (1) does not protect the recalcitrant worker who refuses to utilize available safety equipment *(supra; see, Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 366, *appeal dismissed* 58 NY2d 824; *Cannata v One Estate,* 127 AD2d 811, 813). The State, however, made no evidentiary showing that claimant deliberately refused to use a hard hat, but only that safety helmets were available on site *(see, Goldthwait v State of New York, supra,* at 970; *Heath v Soloff Constr., supra,* at 512). Accordingly, we conclude that partial summary judgment as to liability was properly granted to claimants.

■ Finally, the Court of Claims did not abuse its discretion in denying leave to renew and, upon reargument, in adhering to its original decision. The State failed to offer a plausible excuse for failing to initially present the expert affidavits characterizing the come along *(see, Matter of Jones v Marcy,* 135 AD2d 887, 888; *Gulledge v Adams,* 108 AD2d 950). More-

over, as previously indicated, the newly proffered evidence does not alter our conclusion that the come along qualifies as an "other device" for purposes of statutory coverage.

YESAWICH, JR., LEVINE, HARVEY and MERCURE, JJ., concur.

Orders affirmed, with costs.