■ DAVID P. WIESZCHOWSKI et al., Respondents, v SKIDMORE COLLEGE, Appellant, and MLB INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. MARTIN E. KELLER ROOFING COMPANY, INC., Third-Party Defendant-Appellant.—Harvey, J. Appeal from an amended order of the Supreme Court (Walsh, Jr., J.), entered March 24, 1988 in Montgomery County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability.

This litigation stems from an accident which occurred on July 18, 1986 when plaintiff David P. Wieszchowski (hereinafter plaintiff) fell through a skylight opening in the roof of a building being constructed on the campus of defendant Skidmore College in the City of Saratoga Springs, Saratoga County. Defendant MLB Industries, Inc. (hereinafter MLB) acted as the general contractor for the project and it, in turn, entered into a subcontracting agreement for the roofing work

with third-party defendant Martin E. Keller Roofing Company, Inc. (hereinafter Keller), plaintiff's employer. Following commencement of this action alleging negligence and Labor Law violations, MLB commenced a third-party action against Keller seeking indemnification. Plaintiffs then moved for partial summary judgment on all issues of liability pursuant to Labor Law § 240 (1). Skidmore cross-moved for summary judgment against MLB, which in turn cross-moved for summary judgment against Keller under theories of contractual and common-law indemnification. Supreme Court granted all motions and MLB, Skidmore and Keller (hereinafter collectively referred to as appellants) now appeal.

The provisions contained in Labor Law § 240 (1) render both the contractor and the property owner absolutely liable for a violation of the statute (*Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209, 210; *Harmon v Sager,* 106 AD2d 704, 705). Thus, in order to prevail in an action brought under that statute, a plaintiff need only show a violation of that statute "and that the violation was a proximate cause of his injury" (*Linney v Consistory of Bellevue Refm. Church, supra,* at 210). When this burden is met, summary judgment on the issue of liability is appropriate (*supra; see, Harmon v Sager, supra,* at 706).

Here, appellants argue that there are triable issues as to whether Labor Law § 240 was violated and, assuming it was violated, it is questionable whether that violation was the proximate cause of plaintiff's injuries. We do not agree. Appellants point out that there is no concrete proof as to which "other devices" pursuant to Labor Law § 240 (1) should have been installed on the roof to guard the skylight. This question is irrelevant, however, since it is undisputed that there were no safety devices guarding or blocking the subject skylight opening. Under these circumstances, we are compelled to find that the statute was violated as a matter of law and it was this violation which resulted in plaintiff's injuries (*see, Linney v Consistory of Bellevue Refm. Church, supra,* at 210; *see also, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523). Appellants' argument that plaintiff may have been contributorily negligent by leaning over the opening in the roof at the time of his fall does not compel a different result. The duty imposed under the statute is an absolute one and the worker's possible contributing negligence is not a valid defense (*Zimmer v Chemung County Performing Arts, supra,* at 521). Appellants' contention that barriers or safety devices,

even if in place, would not have prevented plaintiff's fall is merely speculative and self-serving under the circumstances.

The remaining issue raised on appeal is Keller's contention that Supreme Court improperly granted MLB's cross motion for summary judgment against it. This argument requires little comment due to a clause in the MLB/Keller subcontract specifically stating that Keller became obligated to MLB to the full extent that MLB was obligated to Skidmore. Since MLB's obligation to indemnify Skidmore is undisputed, Supreme Court was correct in granting MLB judgment as a matter of law *(see, McGurk v Turner Constr. Co.,* 127 AD2d 526, 529). This conclusion renders academic MLB's claim for common-law indemnification against Keller *(see, supra).*

Amended order affirmed, with costs to plaintiffs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.