■ MICHAEL P. SCHIEVE et al., Respondents, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, et al., Defendant. BINGHAMTON STEEL ERECTORS, INC., Third-Party Defendant-Appellant-Respondent.—Harvey, J. (1) Cross appeals from three orders of the Supreme Court (Fischer, J.), entered May 2, 1988, May 6, 1988 and May 13, 1988 in Broome County, which, *inter alia,* partially granted defendant Cives Corporation's cross motions for partial summary judgment, and (2) appeal from an order of said court, entered December 15, 1988 in Broome County, which granted plaintiff's motion for partial summary judgment as to liability on the first cause of action.

This suit arises from injuries sustained by plaintiff Michael P. Schieve (hereinafter plaintiff), a steel worker, when he fell from the steel beam he was installing into an uncovered cement-lined pit. It is conceded that no safety devices were in place that day, although it is alleged that a safety net had been in place previously but was removed prior to the date of the accident. Plaintiff had been working on a construction project for a building owned by defendant International Business Machines Corporation (hereinafter IBM). Defendant Whiting-Turner Construction Company (hereinafter Whiting) served as the general contractor on the project. Whiting then entered into a subcontract with defendant Cives Corporation (hereinafter Cives) with respect to the furnishing and erection of the structural steel and metal docking for the building. Cives, in turn, entered into a subcontracting agreement with plaintiff's employer, third-party defendant Binghamton Steel Erectors, Inc. (hereinafter Binghamton), to erect the steel structure.

Following commencement of this action, alleging negligence, Labor Law violations and loss of consortium, issue was joined and various parties moved for summary judgment on issues of liability and indemnification. At one point, Supreme Court granted Cives' cross motion for partial summary judgment against Binghamton on its cause of action sounding in contractual indemnification, but denied Cives' motion with respect to the issue of common-law indemnity. Binghamton appeals and Cives cross-appeals this determination. IBM and Whiting also filed notices of appeal protesting Supreme Court's decisions, but subsequently informed this court that

they would not be submitting briefs in connection therewith. Thereafter, plaintiffs successfully moved for partial summary judgment against IBM, Whiting and Cives on the issue of liability on their cause of action alleging violation of Labor Law § 240 (1). Binghamton also appeals this determination.

Initially, we turn our attention to the cross appeals by Cives and Binghamton from the order which granted Cives' cross motion for summary judgment against Binghamton on its contractual indemnification claim, but denied Cives that relief with respect to its claim for common-law indemnity against Binghamton. Regarding the contractual indemnification claim, we reject Binghamton's contention that the entire indemnification agreement should be found to be invalid because a portion of it violated General Obligations Law § 5-322.1 by requiring Binghamton to indemnify Cives for Cives' own negligent acts. Supreme Court properly concluded that the balance of the indemnification agreement was still valid to the extent that it required Binghamton to indemnify Cives for damages caused by and resulting from the negligence of parties other than Cives *(see, Walsh v Morse Diesel,* 143 AD2d 653; *Magrath v Migliore Constr. Co.,* 139 AD2d 893, 894; *DeFilippis Crane Serv. v Joannco Contr. Corp.,* 132 AD2d 517, 518; *cf., Quevedo v City of New York,* 56 NY2d 150, 156).

With respect to Cives' cross motion for partial summary judgment against Binghamton based on common-law indemnification, we find that that motion was properly denied. Summary judgment on the issue of common-law indemnification is routinely denied where questions of fact still exist with respect to the contractor's negligence *(see, Tedesco v Niagara Mohawk Power Corp.,* 142 AD2d 932; *Kdidnasky v Cali Bldg. Co.,* 130 AD2d 817, 819). In light of the contrasting evidence presented here on the issue of the various parties' liability, summary judgment would be inappropriate at this time.

We turn next to the separate appeal by Binghamton from Supreme Court's order granting plaintiffs partial summary judgment against IBM, Whiting and Cives on their Labor Law § 240 (1) cause of action. Before the merits of this appeal can be addressed, however, we must first consider plaintiffs' contention that Binghamton's appeal should be dismissed because Binghamton is not an "aggrieved party" within the meaning of CPLR 5511. Plaintiffs point out that summary judgment was not granted against Binghamton and the validity of the third-party complaint is not at issue *(see, Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 476, n 3) and, therefore, an appeal is improper. We do not agree. Due to the indemnification agree-

ment between Cives and Binghamton as well as the unresolved issue of common-law indemnification, Binghamton is vitally concerned with any finding of liability against Cives. Accordingly, we will address the issues raised by Binghamton in its brief.

First, we hold that, contrary to Binghamton's arguments, Supreme Court correctly held that plaintiff is a member of the class entitled to protection under the provisions of Labor Law § 240 (1) regardless of whether he was working as a foreman *(see, Berndt v Aquavello,* 139 AD2d 920, 921) or a steel connector under someone else's supervision at the time of his accident, as found by Supreme Court *(cf., Matter of Tenalp Constr. Corp. v Roberts,* 141 AD2d 81, 85). We are also unpersuaded by Binghamton's contention that Labor Law § 240 (1) was not violated because a safety net is not one of the devices required by the statute, nor is it any "other device" as intended by the statute. It is undisputed here that plaintiff was provided with no safety devices whatsoever at the work site and, therefore, the question of whether a safety net is an "other device" is irrelevant *(Wieszchowski v Skidmore Coll.,* 147 AD2d 822, 823; *see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523). Accordingly, because the statute was violated as a matter of law and this violation was a proximate cause of plaintiff's injuries, partial summary judgment in plaintiff's favor was properly granted *(see, Wieszchowski v Skidmore Coll., supra; Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209, 210). There is no merit to Binghamton's contention that liability cannot be imposed upon the owner and general contractor here due to the fact that a different entity was in control of the actual construction work *(see, Linney v Consistory of Bellevue Refm. Church, supra,* at 210).*

Orders affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.

---

* Parenthetically, Binghamton does not contend that Cives was improperly found to be liable under Labor Law § 240 (1) as Whiting's agent *(see, Hooper v Anderson,* 157 AD2d 939 [decided herewith]). Although Cives made this contention before Supreme Court, Cives never appealed from the ensuing order.