OPINION OF THE COURT
David B. Saxe, J.
In this action to recover money damages for personal inju *611 ríes, plaintiff Robert Mendez moves for an order, pursuant to CPLR 3212, granting partial summary judgment in his favor against defendant HRH Construction Company, Inc. (hereinafter HRH) on the issue of liability under sections 240 and 241 of the Labor Law. HRH cross-moves for an order vacating the certificate of readiness and striking this action from the Trial Calendar. By separate notice of motion defendant Forrest Electric Corp. now seeks to strike the case from the Trial Calendar, and plaintiff cross-moves to sever the third-party action.
This suit arises from injuries Mendez allegedly sustained when, while working as an electrician on a construction project, he fell some 20 feet through a hole in the 14th floor of the building under construction to the floor below. The hole in question, measuring approximately 3 feet by 3 feet, had been cut through six inches of concrete by unidentified parties for the purpose of installing a “riser” for communication cables to be installed by one of the defendants. At the time of the accident, the hole was covered by a thin sheet of metal which was a junction box cover that was in the process of being installed by plaintiff’s employer. Plaintiff had worked on the junction box several days prior to the cutting of the hole and knew that the metal sheet was the junction box cover. Allegedly, at the time of the accident, plaintiff, believing the cover to be lying innocently on the floor, reached over, picked up the cover and subsequently stepped into and fell through the hole while walking forward. As a consequence, plaintiff sustained personal injuries.
Plaintiff commenced the instant action against defendant contractor and subcontractors alleging four causes of action: (1) common-law negligence; (2) violation of Labor Law § 200; (3) violation of Labor Law § 240 (1); and (4) violation of Labor Law § 241 (6). Plaintiff’s within motion for summary judgment, however, is based solely on defendant HRH’s respective violations of Labor Law §§ 240 and 241. #
The gravamen of defendant HRH’s opposition is its contention that plaintiff was not working at an elevated work site since the 14th floor indoors should be equated with ground level, and therefore, section 240 (1) is not applicable to this situation.
Labor Law § 240, entitled “Scaffolding and other devices for use of employees”, provides: "1. All contractors and owners and their agents, except owners of one and two-family dwell *612 ings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.” Confusion relating to the proper construction of subdivision (1) of section 240 apparently arises from the fact that this provision does not expressly impose liability where an injury occurs to employees operating at an elevated height. However, it has been held that Labor Law § 240 (1) is directed at work which is especially hazardous because it concerns heights (Yaeger v New York Tel. Co., 148 AD2d 308). "Absolute liability is imposed by section 240 (1) upon contractors and owners in order to compel them to take special care for the safety of workers laboring under the ultrahazardous conditions which heights entail” (Yaeger v New York Tel. Co., supra, at 312). Such liability has been imposed in situations where the worker accidentally fell through an unguarded opening in a roof (see, Petterson v Museum Tower Corp., 151 AD2d 403 [1st Dept 1989]; Linney v Consistory of Bellevue Refm. Church, 115 AD2d 209 [3d Dept 1985]).
Defendant HRH unsuccessfully attempts to distinguish a hole in the floor on the 14th floor of a construction site from that of a hole on a roof by arguing that the former is an interior surface which should be deemed at ground level as opposed to the latter which is an exterior surface undisputably deemed an elevated height. Although I have found no published decisions involving such interior holes, I conclude that HRH is emphasizing distinctions which do not amount to a material, substantial difference. Clearly, the 14th floor of a construction site is elevated and the hazards associated with such a work site are, for all intent and purposes, identical to those associated with a roof-top work site. The presence or absence of walls does not alter the danger of unguarded holes which, if fallen through to the floor below, present the same hazard whether in a roof or in the 14th floor, below the roof. Therefore, upon review of the record and under the particular facts and circumstances herein, this court agrees with the plaintiff and rejects HRH’s contention that Labor Law § 240 (1) is inapplicable.
Violation of section 240 (1) imposes an absolute liability on, *613 among others, a contractor regardless of the degree of its control over the work (Zimmer v Chemung County Performing Arts, 65 NY2d 513, rearg denied 65 NY2d 1054). Thus, in order to prevail in an action brought under this statute, a plaintiff need only show a violation of the statute and that the violation was the proximate cause of the injury (Wieszchowski v Skidmore Coll., 147 AD2d 822). When this burden is satisfied, summary judgment on the issue of liability is appropriate (Harmon v Sager, 106 AD2d 704). Inasmuch as no factual dispute is presented as to the circumstances of plaintiff’s accident, plaintiff has established as a matter of law that section 240 (1) was violated here, nor does there appear to be any issue as to whether such violation was a proximate cause of his injury; therefore summary judgment with respect to HRH’s liability under section 240 (1) is granted in favor of the plaintiff.
As to that portion of plaintiff’s motion seeking summary judgment with respect to HRH’s liability under Labor Law § 241, that statute, in pertinent part, provides:
"§ 241. Construction, excavation and demolition work
"All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * *
"6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the person employed therein or lawfully frequenting such places. The commissioner may make rules to carry into the effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.” (Emphasis added.)»
To grant summary judgment, it must appear that there are no material issues of fact (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395). There are such issues of fact present here, such as, (1) whether "reasonable and adequate protection” was provided; and, if not, (2) to what degree, if at all, plaintiff was comparatively negligent (see, Long v Forest-Fehlhaber, 55 NY2d 154; Yaeger v New York Tel. Co., supra). Such factual issues cannot be resolved upon the papers now before *614 the court and require a trial for proper disposition. The function of the court upon such a motion is issue finding, not issue determination (Esteve v Abad, 271 App Div 725). Accordingly, that portion of plaintiff’s motion seeking summary judgment against defendant HRH with respect to its liability under Labor Law § 241 (6) is denied.
Defendant HRH’s cross motion seeking to strike this action from the Trial Calendar is denied; however, the plaintiff is directed to provide the authorizations and addresses requested at the recent EBT forthwith without further formal demand, and to execute a copy of the transcript from that EBT within one week of delivery of the transcript to him.
The motion by Forrest Electric Corp. is also denied. The argument that the other defendants, not Forrest Electric, impleaded plaintiffs employer recently has no relevance to the preparation of Forrest Electric’s defense.
Finally, inasmuch as the submitted papers fail to reflect whether the third-party defendant has answered or defaulted, the cross motion to sever the third-party action is denied without prejudice to renewal by any party at trial if appropriate.