■ MARK FLANSBURG, Respondent, v MERRITT MERIDIAN CONSTRUCTION CORPORATION, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. JOHN CUKAR, Doing Business as I. C. FLAT ROOF, Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendant. [594 NYS2d 421] —Casey, J. Appeals (1) from a judgment of the Supreme Court (Cobb, J.), entered September 20, 1991 in Greene County, upon a verdict rendered in favor of plaintiff, and (2) from a judgment of said court, entered February 21, 1992 in Greene County, which ordered third-party defendant John Cukar to indemnify defendant and third-party plaintiff.

On December 16, 1986, plaintiff and other employees of third-party defendant John Cukar, a roofing contractor, were attempting to pull a tarp across the roof of a building under construction at the Wassaic Developmental Center in Dutchess County to protect it from the elements. Plaintiff was walking backwards when he fell some 20 feet through a 10-foot by 6-foot rectangular opening in the roof that was made to house a vent. Although the vent had been previously covered, it is undisputed that it was uncovered when plaintiff backed into it. It is also undisputed that no safety equipment of any kind had been provided to plaintiff.

As a consequence of the serious injuries he received, plaintiff sued defendant, Merritt Meridian Construction Corporation, Inc. (hereinafter Merritt), the general contractor on the site, and Merritt commenced a third-party action against Cukar, plaintiff's employer. Plaintiff's complaint alleged causes of action based on negligence and violations of Labor Law §§ 240 and 241. Prior to trial, plaintiff moved for partial summary judgment on the issue of Merritt's liability under Labor Law § 240 (1). Supreme Court granted the motion and ordered a jury trial solely on the issue of damages. The jury returned a verdict of $467,329.98. Supreme Court also granted judgment in favor of Merritt on its indemnity claim against Cukar. Both Merritt and Cukar appeal from the respective judgments entered against them.

Merritt argues that Supreme Court erred in granting plaintiff's motion for summary judgment on his Labor Law § 240 (1) cause of action because that section is inapplicable. In this regard, Merritt contends that plaintiff does not fault it for failing to provide those safety devices enumerated in Labor Law § 240 (1), but for failing to keep a protective cover on the opening through which plaintiff fell. We disagree with this contention. Because plaintiff was injured by an elevation-re-

lated risk for which no safety devices had been provided, we find, as a matter of law, that Merritt violated the statute *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523) and that this violation proximately caused plaintiff's injuries *(see, Wieszchowski v Skidmore Coll.,* 147 AD2d 822, 823; *Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209, 210). Supreme Court, therefore, correctly granted plaintiff's motion for summary judgment on Merritt's liability under Labor Law § 240 (1).

Both Merritt and Cukar urge that the jury's damages award deviated materially from reasonable compensation, which is the appropriate standard of review in this case *(see,* CPLR 5501 [c]). Merritt requests a stipulation by plaintiff to a reduction of total pain and suffering damages to $170,000 and Cukar requests the reduction be to $140,000. Alternatively, both request a new trial on the issue of damages. Plaintiff urges affirmance of the verdict as properly supported by the evidence. The jury's award totaled $467,329.98 and was itemized as follows: (1) $6,329.98 for medical expenses prior to trial, (2) $14,000 for lost earnings prior to trial, (3) $39,000 for pain and suffering prior to trial, and (4) $408,000 for future pain and suffering based upon plaintiff's future life expectancy of 51 years. Supreme Court denied the motion to reduce the verdict because the award did not "shock the conscience of the court".

The trial proof revealed that plaintiff fell more than 20 feet through the hole in the roof, hit a scissor fork and landed on a concrete floor. He had to be transported by ambulance to the hospital, where he was treated for fractures in both arms and his left knee. He returned home from the hospital on the same day and consulted with orthopedic surgeon Brian Quinn on the following day. Quinn performed surgery on plaintiff's left knee and arm. The surgery hospitalized plaintiff for three days, the longest continuous period of hospitalization that plaintiff received. Treatment with Quinn continued over the next nine months. Considering the kind, nature and extent of plaintiff's injuries, the length and extent of his medical treatment and the period of time he was unable to work, we find that the amount of pretrial damages did not deviate materially from reasonable compensation. Plaintiff was, however, able to return to work, performing manual labor in March 1987, about 3½ months after the accident. At trial plaintiff acknowledged that he was able to perform substantially all of the activities that he could perform prior to the accident and was unaware of any limitation of motion in either his leg or

his wrists. Considering that plaintiff had recovered at the time of trial except for his complaints of occasional knee and wrist pain, and the probable progressive arthritic changes testified to by Quinn, we find that an award in excess of $200,000 for future pain and suffering cannot be sustained *(see, Moffatt v Arlen Realty Mgt.,* 109 AD2d 934, 935). The case should therefore be remitted for a new trial on the issue of damages for future pain and suffering unless plaintiff stipulates to a reduction of future pain and suffering damages to $200,000.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment entered September 20, 1991 is modified, on the law and the facts, and a new trial ordered as to the issue of damages for future pain and suffering only, unless, within 20 days after service of a copy of this Court's decision, plaintiff stipulates to reduce the amount of the verdict in his favor to $259,329.98, in which event, the judgment, as so reduced, is affirmed, without costs. Ordered that the judgment entered February 21, 1992 is modified, on the law and the facts, to reflect the modification of the judgment entered September 20, 1991, and, as so modified, affirmed, without costs.