*1033 OPINION OF THE COURT
Lorraine S. Miller, J.
Plaintiffs, Louis and Janice Hock, move for partial summary judgment on the issue of defendants’ liability, pursuant to Labor Law § 240 (1). That motion is granted.
Plaintiff, Louis Hock, was employed for 30 years by third-party defendant, Ogden Allied Services, as a window cleaner. On August 28, 1989 he was directed to go to the seventh floor of 335 Madison Avenue in New York City (owned by defendant, Builtland Partners, and managed by defendant, Cushman and Wakefield, Inc.) to help with the scaffold and rigging being used on the outside of the building. To reach the setback on the outside plaintiff had to climb up from the floor to the window ledge, a distance of approximately three to four feet high, then step onto a radiator with a metal convector cover adjacent to the window. To exit through the window, which turns sideways to allow egress, plaintiff put his left foot through the window and had his right foot on the radiator cover. Before he could exit, the radiator cover gave way and plaintiff fell and was injured.
The first cause of action in the complaint alleges, inter alla, violation of Labor Law § 240 (1).
The Court of Appeals has stated that section 240 (1), known as the " 'scaffold law’ ”, is a self-executing statute which is to be construed liberally to achieve its purpose of imposing a nondelegable duty and absolute liability upon owners and contractors and their agents for accidents "in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499, 501 [1993]; Lombardi v Stout, 80 NY2d 290, 296 [1992]; see also, Groves v Land’s End Hous. Co., 80 NY2d 978 [1992]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]; Robinson v NAB Constr. Corp., 210 AD2d 86 [1st Dept 1994]; Rodriguez v New York City Hous. Auth., 194 AD2d 460, 461 [1st Dept 1993]; Davis v Pizzagalli Constr. Co., 186 AD2d 960 [3d Dept 1992]). In Rocovich (supra, at 514) the Court of Appeals pointed out that the exceptional protection of this section applies to hazards "related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level *1034 where the worker is positioned and the higher level of the materials or loads being hoisted or secured.”
Liability for a violation of Labor Law § 240 (1) attaches regardless of whether an owner or contractor exercises supervision or control over the work and comparative negligence is not a defense (Ross v Curtis-Palmer Hydro-Elec. Co., supra; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [1985]; see also, Bland v Manocherian, 66 NY2d 452, 459 [1985]; Koenig v Patrick Constr. Corp., 298 NY 313, 319 [1948]). Additionally, pursuant to the principles of common-law indemnification, the entity responsible for the accident must indemnify the statutorily liable party (Curtis v 37th St. Assocs., 198 AD2d 62, 63 [1st Dept 1993]; Seecharran v 100 W. 33rd St. Realty Corp., 198 AD2d 121, 122 [1st Dept 1993]).
In order to prevail in an action brought under the statute, a plaintiff must show that the statute was violated and that the violation was the proximate cause of the injury (see, Zimmer v Chemung County Performing Arts, supra; Wieszchowski v Skidmore Coll., 147 AD2d 822 [3d Dept 1989]; Mack v Altmans Stage Light. Co., 98 AD2d 468 [2d Dept 1984]). When this burden is met, summary judgment on the issue of liability is warranted. (Harmon v Sager, 106 AD2d 704 [3d Dept 1984].)
In the instant case the only issue is whether plaintiff’s accident falls within the ambit of the statute. Hock claims inter alla that he was not provided with a safe means with which to overcome the elevation differential (of 32 to 42 inches between the floor and the window) to gain access to the elevated work platform. Accordingly, he was purportedly "forced to use existing structures such as the radiator and its cover, which in no way constituted the kind of required safety device as enumerated in Labor Law § 240 (1) (e.g. scaffolding, hoists, braces, irons, ladders, stays, and/or ropes).”
Both defendants, in contradiction, argue that Labor Law § 240 is inapplicable as no height differential was involved, the work site was not elevated nor were materials or loads being hoisted or secured. Builtland relies on the Appellate Division, First Department’s decision in Ryan v Morse Diesel (98 AD2d 615, 616 [1st Dept 1983]), asserting inapplicability of the statute because "plaintiff’s accident involved a passage from one place of work to another all on the same level and further involved a permanent structure.”
Here, plaintiff’s act of exiting the room through the window was necessary and incidental to the adjustment of the scaffold *1035 ing (Masher v St. Joseph’s Villa, 184 AD2d 1000 [4th Dept 1992]). Defendants had an obligation to provide the instrumentality to allow plaintiff to do so safely. The collapse of the radiator cover, an intervening act, does not sever the causal connection (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]; Boshart v City of Buffalo, 185 AD2d 706 [4th Dept 1992]) between that failure and the accident. The collapse highlights the need for, and the lack of, a safe means to access the setback and the scaffolding.
Accordingly, the court grants plaintiffs’ motion for partial summary judgment on the issue of liability against defendants on plaintiffs’ claim under Labor Law § 240 (1) and directs that this matter is to be set down for an inquest on damages.