■ ONBANK & TRUST COMPANY, Respondent, v JAMES P. BURR ENTERPRISES, INC., Appellant. [652 NYS2d 802] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 5, 1996 in Albany County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the amended complaint.

In this action, plaintiff seeks to recover amounts allegedly due from defendant pursuant to an agreement whereby plaintiff's predecessor, Union National Bank, paid defendant fees for services provided in connection with the procurement of retail installment loan contracts, which Union would purchase and service. The fee paid for each contract purchased was calculated as a percentage of the interest Union would

earn over the lifetime of the loan. Plaintiff contends that the parties' contract—which it claims was in written form, although no writing has been produced—provided that a portion of each fee was to be placed into a "dealer reserve account", from which Union (or plaintiff, as its successor) was to be reimbursed if, for any reason, it failed to realize the expected amount of interest on the loan. Plaintiff further contends that defendant has refused to remit over $64,000 due in accordance with this provision. Defendant maintains that the parties' arrangement was an oral one and, further, that it never agreed to repay the sums in question.

Prior to serving an answer, defendant moved to dismiss the complaint on the ground that recovery was precluded by the Statute of Frauds. That motion having been denied, defendant answered, again asserting the Statute of Frauds as an affirmative defense. After some discovery was had, plaintiff sought an order compelling defendant to produce certain documents and defendant cross-moved for summary judgment. Supreme Court granted plaintiff's motion and denied defendant's motion, deeming the latter to be an attempt to reargue or renew the arguments raised in the previous motion to dismiss. Defendant appeals.

Defendant's motion for summary judgment was erroneously treated as a motion for reconsideration of its preanswer motion to dismiss. Although the papers presented on the earlier motion are not before this Court, it is evident that it was based on assertions that the alleged contract was one to answer for the debt of another (see, General Obligations Law § 5-701 [a] [2]), or one that could not be performed within a year (see, General Obligations Law § 5-701 [a] [1]). The denial of that motion does not preclude consideration of the substantively different contentions—namely, whether the subject contract is one to pay for services rendered in negotiating a loan (see, General Obligations Law § 5-701 [a] [10])—underlying defendant's request for summary judgment (cf., Kramer & Sons v Facilities Dev. Corp., 135 AD2d 942, 943).

Nevertheless, when the merits of defendant's motion are considered, it is clear that the relief sought cannot be granted on this record. Even if the transactions at issue are viewed, as defendant urges, as involving the brokerage of loans, defendant does not deny the existence of a contract whereby plaintiff was to pay fees for defendant's services; significantly, defendant takes issue with but one of the terms of that contract. Under these circumstances, the Statute of Frauds may be deemed to have been waived (see, Holender v Cammann Prods., 78 AD2d 233, 235).

Moreover, it is uncontroverted that plaintiff accepted the installment loan contracts, extended credit to consumers in accordance therewith and paid defendant for its services, as well as that defendant accepted those payments. These acts, taken together, could be found to unequivocally refer to the existence of the contract plaintiff alleges (*see,* 61 NY Jur 2d, Frauds, Statute of, § 250), and could also support a finding that plaintiff changed its position in reliance upon that contract, thereby equitably estopping or barring defendant, because of the doctrine of part performance, from invoking the Statute of Frauds to avoid performance of its obligations thereunder (*see,* 61 NY Jur 2d, Frauds, Statute of, § 301; *Ackerman v Landes,* 112 AD2d 1081, 1083-1084; *Van Noy v Corinth Cent. School Dist.,* 111 AD2d 592, 593). In short, summary judgment is inappropriate at this juncture.

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.