■ Evelyn C. Smith, Appellant, v 499 Fashion Tower, LLC, et al., Respondents. (And a Third-Party Action.) [833 NYS2d 112]—

In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered October 7, 2005, as granted the defendants' motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment on the issue of liability on her causes of action alleging violations of Labor Law §§ 200, 202, and 240 (1), and common-law negligence.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1), and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff's decedent sustained injuries from which he later died when he fell while cleaning second-floor exterior windows at a building owned by the defendant 499 Fashion Tower, LLC. The defendant Block Buildings, LLC, managed the building, and the defendant Kaufman/Adler Realty Company, LLC, was the "leasing and managing agent." There were no witnesses to the accident, which happened on a Sunday. The ladder from which the decedent fell was never recovered.

The Supreme Court properly dismissed the causes of action alleging violations of Labor Law § 200 and common-law negligence. Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees with a safe place to work (*see Jock v Fien*, 80 NY2d 965, 967 [1992]; *Brown v Brause Plaza, LLC*, 19 AD3d 626, 628 [2005]; *see also Ross v Curtis-*

*Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). "An implicit precondition to this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993], quoting *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp., supra* at 877; *see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Rosenberg v Eternal Mems.*, 291 AD2d 391, 392 [2002]).

The defendants established their prima facie entitlement to summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence by demonstrating that they did not supply the decedent, an independent contractor who used his own tools and equipment, with the ladder he was using when he fell and did not control his use of the ladder or any part of his work cleaning the windows (*see Giambalvo v Chemical Bank*, 260 AD2d 432, 434 [1999]; *Jassal v Long Is. Mdse. Mart*, 244 AD2d 460, 460 [1997]; *Douglas v Beckstein*, 210 AD2d 680, 682 [1994]; *Cruz v City of New York*, 207 AD2d 858, 859 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the mere fact that the building superintendent told the decedent which windows to clean and directed the time he was to perform the work did not raise a triable issue of fact as to the defendants' supervision and control over the decedent's work (*see Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732, 732 [2006]; *Dalanna v City of New York*, 308 AD2d 400, 400 [2003]; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464, 465 [2000]).

Labor Law § 240 (1) imposes absolute liability upon owners and contractors who fail to provide or erect safety devices necessary to give proper protection to workers exposed to elevation-related hazards (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490 [1995]). A "defendant may be granted summary judgment if the record establishes conclusively that no Labor Law § 240 (1) violation was shown to have been a proximate cause of the accident and that the accident was therefore caused solely by plaintiff's conduct" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). A defendant may be held liable under Labor Law § 240 (1) even where, as here, the injured worker fell from his own ladder (*see Harmon v Sager*, 106 AD2d 704, 705 [1984]; *Larson v Herald*, 96 AD2d 1137, 1137 [1983]; *see also Calla v Shulsky*, 148 AD2d 60, 62 [1989]).

The Supreme Court improperly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1). The defendants failed to demonstrate their prima facie entitlement to summary judgment (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra; see also GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965 [1985]; *cf. Costello v Hapco Realty,* 305 AD2d 445 [2003]; *Olberding v Dixie Contr.,* 302 AD2d 574 [2003]; *Garieri v Broadway Plaza,* 271 AD2d 569 [2000]). Accordingly, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

The parties' remaining contentions are without merit. Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.