■ JAMES MULLIGAN, Respondent, v. CAULDWELL-WINGATE Co., Defendant-Appellant and Third-Party Plaintiff-Appellant. MARSON CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent.— Judgment unanimously modified, on the law and on the facts, to the extent of reversing the judgment in favor of plaintiff-respondent against defendant-appellant and dismissing the main complaint, with costs to defendant-appellant from plaintiff-respondent, and is otherwise affirmed, with costs to third-party defendant-respondent from third-party plaintiff-appellant. Plaintiff, an assistant brick foreman employed by a subcontractor, sued the general contractor for injuries sustained when the scaffold, erected by his employer and on which he was working, collapsed. The case went to the jury on the issue of whether the general contractor had directed the work involved, within the meaning of section 240 of the Labor Law. There was no evidence from which the jury could conclude that the general contractor had assumed direction of the manner or method of the erection of the scaffold

or of its use (*Blackwood* v. *Chemical Corn Exch. Bank*, 4 A D 2d 656, motion for leave to appeal dismissed 4 N Y 2d 802; cf. *Kluttz* v. *Citron*, 2 N Y 2d 379, 383). The general contractor's supervision of the progress of the work on the site may have required orders regarding the time or place to erect, or the sequence of using the scaffold, but that is not equivalent to directing the manner or method of such subsequent erection or use. Since the accident allegedly occurred as a result of the use of the scaffold and the inadequacy of its construction to sustain such heavy and prolonged use, no actionable negligence is chargeable to the general contractor on the basis of the general supervisory orders. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Noonan, JJ.