■ JOSE RODRIGUEZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Respondent, v ANTENNA & COMMUNICATION CORP., Third-Party Defendant-Respondent. [599 NYS2d 263] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 15, 1992, which, *inter alia,* denied plaintiff's motion for summary judgment pursuant to Labor Law §§ 200, 240 and 241, is unanimously modified on the law to the extent of granting plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim and otherwise affirmed, without costs or disbursements.

Plaintiff, an employee of third-party defendant Antenna & Communication Corp., commenced this action to recover damages for personal injuries allegedly sustained on August 25, 1988 when he fell off a ladder that was positioned next to the building located at 435 East 105th Street in Manhattan. At

the time of the incident, plaintiff, who was standing approximately 15 to 20 feet from the ground, was engaged in repairing and replacing television cable wire that was attached to, and running through, the structure, which is owned by defendant New York City Housing Authority. According to plaintiff, the ladder contained no safety devices, was not secured in any way and was not supported by a co-worker.

In denying plaintiff's motion for summary judgment pursuant to Labor Law §§ 200, 240 and 241, the Supreme Court stated that such relief is inappropriate where "the injured party is the apparent sole witness to the accident, as the salient facts are exclusively within his knowledge and his credibility is placed in issue". The court also observed that the parties disagree "as to whether at the time of the accident plaintiff was engaged in the 'repair' of a building or structure within the contemplation of Labor Law § 240", and it was "loath to grant summary judgment in the absence of ACC's [Antenna & Communication Corp.] deposition which could shed light on what plaintiff's assigned tasks were." This was error. Plaintiff is entitled to summary judgment as to defendants' liability under section 240 (1) of the Labor Law. Labor Law § 240 (1) provides in relevant part that: "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The law is established that Labor Law § 240 (1) imposes absolute liability upon owners, contractors or their agents for failing to furnish or erect safety devices that are necessary to protect workers from suffering injuries proximately related to the lack of those implements (*Bland v Manocherian,* 66 NY2d 452, 459; *see also Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054; *D'Amico v Manufacturers Hanover Trust Co.,* 177 AD2d 441). Moreover, as this Court recently stated in *Urrea v Sedgwick Ave. Assocs.* (191 AD2d 319, 320), "[t]he failure to secure the ladder on which plaintiff was standing against slippage by any means whatsoever constitutes a violation of Labor Law § 240 (1) as a matter of law" (*see also, Fernandez v MHP Land Assocs.,* 188 AD2d 417). Significantly, the Court noted in *Urrea v Sedgwick Ave.*

*Assocs. (supra,* at 320), that "[t]he failure of any party to adduce a statement from plaintiff's co-workers is no reason for denying plaintiff summary judgment, absent a showing, other than mere speculation, that a bona fide issue exists as to plaintiff's credibility".

Where the injured worker's version of the accident is inconsistent with either his own previous account or that of another witness, a triable question of fact may be presented *(see, Carlos v Rochester Gen. Hosp.,* 163 AD2d 894; *Russell v Rensselaer Polytechnic Inst.,* 160 AD2d 1215; *Antunes v 950 Park Ave. Corp.,* 149 AD2d 332). However, there is no conflict concerning what occurred here. Plaintiff's unrebutted contention is that he fell from the top of the unsecured ladder when it slipped and gave way. The fact that plaintiff was willing to stand on the ladder without its being adequately supported does not diminish defendants' responsibility. At most, it raises the matter of whether there was any comparative negligence on the part of plaintiff *(Liverpool v S.P.M. Envtl.,* 189 AD2d 645). Notwithstanding the attempt by defendants to depict plaintiff as a "recalcitrant worker", the Court of Appeals has expressly declared that such a "defense is limited to cases in which a worker has been injured as a result of a refusal to use available safety devices provided by the employer or owner" *(Hagins v State of New York,* 81 NY2d 921, 923; *see also, Stolt v General Foods Corp.,* 81 NY2d 918).

In *Lombardi v Stout* (80 NY2d 290, 296), the Court of Appeals, citing its previous decision in *Zimmer v Chemung County Performing Arts (supra,* at 520-521), stated that Labor Law § 240 is to be construed as liberally as possible to achieve the remedial purpose of the statute. In that regard, the record demonstrates that at the time of his fall, plaintiff was repairing and installing cable wire in and to the subject building. Some of the cables were attached to junction boxes affixed to the facade of the structure. There is no requirement that the work actually be performed on the building itself. Indeed, in *Lombardi v Stout (supra),* which involved the removal of a tree from a building site, and *Izrailev v Ficarra Furniture* (70 NY2d 813), relating to repair work on an electrical sign on the building in question therein, the Court declined to so restrict the ambit of Labor Law § 240. As the Court of Appeals explained in *Lewis-Moors v Contel of N. Y.* (78 NY2d 942, 943), when it found a telephone pole having hardware, cable and support systems to constitute a structure within the meaning of Labor Law § 240 (1), "a 'structure' is 'any production or piece of work artificially built up or composed of parts

joined together in some definite manner' " *(see also, Atwell v Mountain Ltd.,* 184 AD2d 1065; *Garrant v New York Tel. Co.,* 179 AD2d 960). Consequently, plaintiff should have been granted summary judgment on his claim pursuant to Labor Law § 240. Concur—Carro, J. P., Milonas, Wallach, Kassal and Nardelli, JJ.