■ LEOPOLDO GRAMIGNA et al., Respondents, v MORSE DIESEL, INC., and SHIMIZU OF AMERICA, INC., Joint Venture, Appellant-Respondent, KEIO GIJUKU, Doing Business as KEIO ACADEMY OF NEW YORK, Respondent-Appellant, and SERVICE SCAFFOLD COMPANY, INC., Respondent. [620 NYS2d 58] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 10, 1993, which, *inter alia,* granted plaintiff summary judgment on the issue of liability, and denied defendant Joint Venture's cross-motion for further discovery, unanimously modified, on the law, to grant the cross-motion for further discovery and, except as thus modified, affirmed, without costs or disbursements.

Plaintiff, a 55 year-old bricklayer employed by a non-party subcontractor, was injured while he was working on a scaffold at a work site at premises owned by defendant Keio Gijuku. Defendant Joint Venture was the general contractor at the project. The scaffold was two-tiered, the higher level being approximately five feet from the flooring and two feet above the lower level, which was comprised of two planks, 16 inches wide and one and one-half to two inches thick, attached to the higher level by pipes known as a "bicycle." The upper level was approximately 20 to 22 inches from the wall and had blocks stacked on it as well as cement. After stepping from the higher level with his left leg, plaintiff heard a cracking sound; the plank on which he had stepped had broken and his left foot "went down as much as it could since the other leg was stuck on the other scaffolding, the higher scaffolding." At the time, plaintiff's body was up against the wall. On these facts the IAS court awarded partial summary judgment to plaintiff on liability predicated on a violation of Labor Law § 240 (1).

On appeal, Joint Venture argues, as it did before the motion court, although the motion court stated that it was rejecting its papers for lack of timely service,* that there was no statutory violation because plaintiff did not fall to the ground, but merely became lodged up against the wall. Thus, Joint Venture argues, citing *Rocovich v Consolidated Edison Co.* (78 NY2d 509), plaintiff was not injured as a result of an elevation related hazard. We reject this argument. Clearly, Labor Law

* The record on appeal contains all the opposition papers ostensibly rejected. Plaintiff has not moved to strike any part of the record.

§ 240 (1), which addresses the need for proper protective scaffolding, is applicable to a situation where the scaffolding "prove[s] inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person." (Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [emphasis in original].) The two-foot height differential between the two levels of the scaffolding and further distance that plaintiff's left foot was caused to fall after the planking cracked entail an elevation risk. As for the argument that plaintiff did not fall but merely became stuck between the scaffold and wall, that argument was rejected in *Pietsch v Moog, Inc.* (156 AD2d 1019), a factually similar case where a workman was injured when, stepping across a cross wall from one scaffold to another, he fell two or three feet into a gap between the wall and the second scaffold. Those unrefuted allegations were held sufficient to establish a statutory violation and that the violation was a proximate cause of the injuries. *(Supra,* at 1020.) In the circumstances, the fact that plaintiff was not caused to fall to the ground is not a bar to the application of section 240 (1) of the Labor Law, which, like its predecessor statute, "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed". *(Quigley v Thatcher,* 207 NY 66, 68.)

While plaintiff, by his own admission, continued working on the day he was injured and did not seek medical attention for several days or miss any work for approximately seven weeks, he does allege that he suffered pain in his leg after the accident and that he was ultimately forced to stop working. It is undisputed that he underwent a total hip replacement 27 months after the accident. While plaintiff's medical records show undisputably that he suffered from a prior hip condition, that circumstance relates to the issue of damages, not liability. In light of plaintiff's pre-existing hip injury, further disclosure, as requested by Joint Venture, is warranted, including a further deposition of plaintiff to explore the pre-existing condition.

We have considered the other contentions that are raised and find they are without merit. Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.

