■ LUCY L. PONCE, Appellant, v ST. JOHN'S CEMETERY et al., Respondents and Third-Party Plaintiffs-Respondents. COTRONEO & MARINO UNITED ELECTRIC COMPANY, INC., Third-Party Defendant-Respondent. [636 NYS2d 28] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 18, 1994, which denied plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240, affirmed, without costs.

Absolute liability is imposed upon owners and contractors pursuant to Labor Law § 240 (1) upon proof of a violation thereof and that such violation was the proximate cause of the injuries sustained (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513). However, as almost no pretrial discovery has been conducted herein, the court properly denied summary judgment against the owner defendants pursuant to CPLR 3212 (f). In these circumstances, discovery may yield information allowing defendants-respondents to raise issues of facts as to whether, *inter alia,* a statutory violation was the proximate cause of the accident (*see, Avner v 93rd St. Assn.,* 147 AD2d 414). Concur—Kupferman, Asch and Mazzarelli, JJ.

Rosenberger, J. P., and Rubin, J., dissent in a memorandum by Rubin, J., as follows: This action arises out of the performance of electrical work by third-party defendant Cotroneo & Marino United Electric Company for the owner of the premises, defendant St. John's Cemetery. At the time of the accident, plaintiff was employed by the electrical contractor as an electrical apprentice. Her action against defendant is based on violation of Labor Law § 240 (1).

Plaintiff's affidavit in support of her motion for summary judgment against defendant states, "As I was just placing the final strap to secure the electrical lines in the top corner of the ceiling, the ladder and platform upon which I was working started to sway and gave out from under me. * * * Several employees of the defendants were present at the time of my fall and witnessed the accident."

In opposition to the motion, defendant submitted the affidavit of defendant's director of operations, Joseph D'Alto, which confirms that third-party defendant "UNITED ELECTRIC was requested to provide certain electrical services in the loading dock area of the Resurrection Mausoleum. It is my recollection that the work that was needed to be performed was that of supplying electrical power to a conveyer belt which had recently been placed within the loading dock area * * * To my knowledge, this work merely required the electricians to tap into an electrical power source contained within the ceiling of the loading bay area and then run wiring through piping attached to the walls of the loading dock area to a switchbox which operated the conveyer belt." The statement goes on to assert that, when the accident occurred, "plaintiff was in the process of placing ceiling tiles back into the ceiling which had been removed days before when the electrical connections were being made. * * * It is my further understanding that it was the plaintiff and/or her co-workers who placed and/or constructed the scaffolding being used by plaintiff at the time of her accident."

To recover damages as a member of the special class for whose protection Labor Law §§ 200, 240 and 241 were adopted, a plaintiff is required to establish only two things: (1) that he or she was permitted or suffered to perform work on a structure and, (2) that he or she was hired by the owner, the general contractor or an agent of the owner or general contractor (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577, citing *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971). Nothing in the statement of defendant's director of operations raises an issue of fact with respect to plaintiff's fulfill-

ment of these criteria. His affidavit concedes that plaintiff was working at ceiling height and using scaffolding at the time she fell.

Defendant has offered no evidence from any witness to contradict plaintiff's statement regarding the circumstances of the accident. Nowhere in his affidavit in opposition to the motion does Mr. D'Alto deny plaintiff's assertion that her fall was witnessed by employees of defendant cemetery. Only the opposing affidavit submitted by defendant's attorney asserts that no employees of the cemetery were present at the time of the accident, and it is well settled that the affidavit of counsel is of no probative value in opposing a motion for summary judgment (*Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916; *Farragut Gardens No. 5 v Milrot*, 23 AD2d 889) when unaccompanied by supporting documentary evidence (*Zuckerman v City of New York*, 49 NY2d 557, 563). By contrast, despite defendant's attempt to deprecate its value, the statement of a party witness constitutes competent evidence (*Tungsupong v Bronx-Lebanon Hosp. Ctr.*, 213 AD2d 236, 237, citing *Harris v City of New York*, 147 AD2d 186, 189).

It is of no moment that the scaffolding may have been erected by plaintiff and other employees of the electrical contractor. Labor Law § 240 (1) imposes absolute liability on the property owner for any injury which results from the use of an unsafe scaffolding device. Because the liability imposed is vicarious, neither the lack of an employer-employee relationship nor the absence of the owner's supervision, direction and control over the work is a material consideration (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Haimes v New York Tel. Co.*, 46 NY2d 132). This Court has held that, where a worker's injuries result from the collapse of a scaffold supplied and erected by his employer, the owner who hired the employer to install a water tank on the roof of the premises is answerable in damages (*Hauff v CLXXXII Via Magna Corp.*, 118 AD2d 485; *see also, Harmon v Sager*, 106 AD2d 704 [ladder supplied and maintained by injured worker]; *Larson v Herald*, 96 AD2d 1137 [independent contractor fell from own ladder]). As we observed in *Hauff (supra,* at 486), "although [the scaffold] may have collapsed because of faulty construction which plaintiff took part in, contributory negligence is not a defense to a violation of section 240 (*Crawford v Leimzider*, 100 AD2d 568)". In sum, Labor Law § 240 (1) is a vicarious liability statute that imposes a duty upon property owners to provide a safe workplace, which may not be escaped by delegation to an independent contractor (*Harmon v Sager, supra; Russin v Picciano & Son*, 78 AD2d 467, *affd* 54 NY2d 311).

I cannot accept, as defendant cemetery suggests, that work performed by an employee of an electrical contractor is not covered by Labor Law § 240 (1). This Court has held that the replacement of a fire alarm system constitutes " 'altering' or 'repairing' of a building or structure * * * within the purview of section 240" (*Tate v Clancy-Cullen Stor. Co.*, 171 AD2d 292, 295). We have also held that the replacement of cable television wire "attached to, and running through, the structure" falls within the protection afforded by the statute (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460). As we noted in that case, the Court of Appeals has "stated that Labor Law § 240 is to be construed as liberally as possible to achieve the remedial purpose of the statute * * * There is no requirement that the work actually be performed on the building itself" (*supra*, at 462, citing *Lombardi v Stout*, 80 NY2d 290, 296 [removal of tree from building site]; *Lewis-Moors v Contel of N. Y.*, 78 NY2d 942, 943 [telephone pole constitutes "structure"]; *Izrailev v Ficarra Furniture*, 70 NY2d 813 [repair of sign]).

This matter is also procedurally indistinguishable from *Rodriguez v New York City Hous. Auth.* (*supra*). As we noted there (*supra*, at 462), " '[t]he failure of any party to adduce a statement from plaintiff's co-workers is no reason for denying plaintiff summary judgment, absent a showing, other than mere speculation, that a bona fide issue exists as to plaintiff's credibility' " (quoting *Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319, 320). Neither the parties' disagreement regarding the applicability of Labor Law § 240, the asserted lack of other witnesses to the accident nor the absence of discovery regarding the nature of the work performed by the injured employee is sufficient to raise a triable issue of fact and so preclude summary judgment.

Accordingly, the order of the Supreme Court, Bronx County (Bertram Katz, J.), entered May 18, 1994, which denied plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240, should be reversed and the motion granted.