(January 7, 1997)

■ Luigi Prekulaj et al., Respondents, v Terano Realty, Inc., et al., Appellants. [652 NYS2d 10] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered October 30, 1995, which awarded plaintiffs partial summary judgment on the issue of liability based on a claim under Labor Law § 240, while dismissing that portion of the claim based upon section 241 (6), unanimously modified, on the law, to the extent of denying plaintiffs partial summary judgment on the section 240 claim, and otherwise affirmed, without costs.

Plaintiff Luigi Prekulaj injured his back while elevating bags of cement to the roof of a construction site by means of a forklift. He had raised the forklift to a window opening, and then jumped onto the pallet to hand the bags through the opening to a co-worker on the roof, when the pallet suddenly tilted, causing him to lose his balance. According to his deposition testimony (given with the help of an interpreter), he was "going down together with bag and steels" and would have fallen had it not been for the fact that his shoulder was close to the wall. However, when he stiffened his body to protect the load he was manually lifting at the time, he felt something in his back give way with a "crack".

Plaintiffs' claims were based on alleged violations of Labor Law §§ 200, 240 and 241. Both parties moved for summary judgment. The IAS Court granted so much of defendants' cross motion seeking dismissal of the claim under Labor Law § 241 (6), for failure to cite specific violations of the Industrial Code, and that dismissal is not in dispute. But plaintiffs were granted partial summary judgment under the absolute liability provisions of section 240, because "the force of gravity * * * caused both plaintiff and the load to move downward", resulting in his injury when "the 'scaffold' tipped". The word "fall" was never

mentioned in the court's decision, or, for that matter, in the deposition testimony.

The question before us is whether absolute liability under section 240 requires some kind of fall by the injured party or another object on the elevated platform. The statute was designed to prevent those types of accidents in which an elevated protective device proves inadequate to shield an injured worker from harm directly flowing from the application of the force of gravity to an object or person (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). Granted, every slip or loss of balance by an earthbound mortal while moving a heavy object is ultimately gravity-related, but that does not preclude an issue of fact as to whether a defect in the elevated structure proximately caused the injury (*see, Ponce v St. John's Cemetery*, 222 AD2d 361). That is still the "core objective" of section 240 (1) (*Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501).

Without doubt, the platform created by the pallet on the forklift constituted a hoist contemplated by section 240. The fact that the injured plaintiff never fell off the platform is of no moment, as long as the injury resulted from an elevation-related hazard (*cf., Rocovich v Consolidated Edison Co.*, 78 NY2d 509). A fall *on* an elevated platform may not necessarily be a risk related to elevation, and thus not contemplated by section 240 (*Bonaparte v Niagara Mohawk Power Corp.*, 188 AD2d 853, *appeal dismissed* 81 NY2d 1067). On the other hand, an injured party need not fall completely from the platform or device in order to recover under the absolute liability provisions of the statute (*Gramigna v Morse Diesel*, 210 AD2d 115). It is not clear from the record whether this laborer's injury resulted from some defect in the forklift device, or was instead unrelated to the risk of elevation (*see, Tambasco v Norton Co.*, 207 AD2d 618, *lv dismissed* 85 NY2d 857). The existence of material issues of fact as to how the forklift accident occurred should have precluded partial summary judgment on the claim as based on section 240 (*Groves v Land's End Hous. Co.*, 80 NY2d 978).

In light of our disposition, we need not reach the issue that the injured plaintiff was the only witness to the accident, except to note that such would not, on its own, preclude summary judgment for the plaintiff (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460). Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.