■ JOSE DOMINGUEZ et al., Appellants, v LAFAYETTE-BOYNTON HOUSING CORPORATION et al., Respondents. PROTO CONSTRUCTION AND DEVELOPMENT CORP., Third-Party Plaintiff-Respondent, v SUN CONSTRUCTION Co., Third-Party Defendant-Respondent. (And Another Action.) [659 NYS2d 21] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered April 5, 1996, which granted third-party defendant Sun Construction's motion for summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action, granted defendant Lafayette-Boynton Housing Corporation's and defendant and third-party plaintiff Proto Construction's cross-motions for the same relief, and denied plaintiffs' cross-motion for summary judgment on that cause of action, unanimously reversed, on the law, without costs, the motion and cross-motions seeking dismissal of the Labor Law § 240 (1) cause of action are denied, and plaintiffs' cross-motion for summary judgment on that cause of action is granted.

Plaintiff Jose Dominguez was injured on April 6, 1991 while working on a scaffold at 825 Boynton Avenue, a 25-story building in Bronx County (building). Plaintiff was employed as a bricklayer by third-party defendant Sun Construction (Sun). Sun had been hired by defendant Proto Construction and Development Corp. (Proto), a general contractor, to reface the building. Defendant Lafayette-Boynton Housing Corporation (Lafayette-Boynton) was the owner of the building.

On the date of the accident, plaintiff and a co-worker were working on a scaffold suspended from the roof of the building

by ropes. The scaffold was equipped with an electric motor which enabled it to be raised and lowered along the face of the building by the workers. The scaffold also had guardrails along the ends, and the side furthest away from the building, but not on the side closest to the building. Plaintiff and his co-worker were assigned to replace bricks on the 19th floor, which required them to raise the scaffold to that level. However, on the 5th floor, an air conditioning unit protruding from the building obstructed the path of the scaffold. To avoid the air conditioner, plaintiff and his co-worker turned their backs to the building face, placed one foot backward against the wall and pushed the scaffold outward three feet. They then used the motor to propel the scaffold around and above the air conditioner. They accomplished this maneuver twice during the day before the accident occurred. When they attempted it a third time, with the scaffold weighted with bricks and cement, the scaffold swung back precipitously and smashed into the air conditioner, causing injuries to the plaintiff's wrist.

On August 7, 1992, plaintiffs commenced this action for personal injuries against Lafayette-Boynton and Proto alleging, *inter alia*, violations of Labor Law §§ 240 and 241. In March 1993, Proto commenced a third-party action against Sun. After significant discovery, Sun moved in August 1995 for partial summary judgment seeking dismissal of plaintiffs' causes of action under Labor Law §§ 240 and 241. Subsequently, Proto and Lafayette-Boynton filed cross-motions seeking the same relief. In October 1995, plaintiffs opposed the defendants' motions, and cross-moved for summary judgment on their Labor Law § 240 cause of action.

The IAS Court granted summary judgment to the defendants on plaintiffs' Labor Law § 240 cause of action. The court held that plaintiff's accident was not within the "special hazards" contemplated by that section, since those hazards are limited to "specific gravity related accidents such as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured."

We reverse and grant plaintiffs' cross-motion for summary judgment on their Labor Law § 240 (1) cause of action. In *Rocovich v Consolidated Edison Co.* (78 NY2d 509, 514), the Court of Appeals stated that the hazards contemplated by the statute are "those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is

positioned and the higher level of the materials or load being hoisted or secured." The *Rocovich* Court further stated that several of the protective devices enumerated in the statute, such as a scaffold, "are for the use or protection of persons in gaining access to or working at sites where elevation poses a risk" (*supra,* at 514).

Plainly, the work being performed by the plaintiff in this case fell within the statute's protection. The plaintiff was on a scaffold 5 stories high at the time of the accident, while attempting to gain access to a work site on the 19th floor. Further, the statutory requirement that the safety devices be "so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]) to the worker, was compromised by the obstruction posed by the protruding air conditioner. Additionally, the plaintiff offered evidence in the form of an expert's affidavit that this accident was gravity-related, and defendants offer no persuasive argument to the contrary.

Relying on the Court of Appeals decision in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 501), defendants assert that the special hazards covered by the statute "do not encompass any and all perils that may be connected in some tangential way with the effects of gravity," (emphasis omitted) but rather "are *limited to* such specific gravity-related accidents as falling from a height or being struck by a falling object" (emphasis added). Narrowly construing this language, defendants argue that since plaintiff neither fell nor was struck by a falling object, the statute is not applicable.

We do not read the statute so narrowly. We recently stated that an injured person need not fall completely off a scaffold to recover under Labor Law § 240 (1) so long as the injury resulted from an elevation-related hazard (*Prekulaj v Terano Realty*, 235 AD2d 201, 202; *see also, Gramigna v Morse Deisel*, 210 AD2d 115). While liability under the statute does not extend to other types of harm even if the injuries are caused by the defective safety device, it does apply where the device "proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501 [emphasis omitted]). Since the effects of gravity caused the scaffold to smash into the air conditioner, and the scaffold was not equipped with sufficient devices to prevent these injuries, plaintiffs' motion for summary judgment should have been granted.

It is unnecessary to address plaintiffs' additional argument that defendants also violated Labor Law § 240 (2). Plaintiffs

never alleged such a cause of action. In their complaint, plaintiffs alleged a single violation "Labor Law 240," without specifying any subdivision. However, the language supporting that cause of action refers only to the requirements of subdivision (1) ("defendants * * * failed to construct, place and operate the aforesaid scaffold * * * so as to provide proper protection to [p]laintiff"), and makes no mention of subdivision (2)'s requirements that the scaffold be equipped with safety rails on three sides, and be adequately fastened. Plaintiffs first raised these latter requirements in their papers seeking summary judgment. We decline to grant relief not requested in the complaint. Concur—Ellerin, J. P., Wallach, Rubin and Mazzarelli, JJ.