■ JEFFREY WEININGER et al., Respondents, v HAGEDORN & COMPANY, Appellant and Third-Party Plaintiff-Appellant, and

225 BROADWAY COMPANY et al., Respondents, et al., Defendants. ALPHA TELE-CONNECT, INC., Third-Party Defendant-Respondent. [659 NYS2d 476] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered August 9, 1996, which, after a jury trial confined to the issue of damages, awarded plaintiff Jeffrey Weininger the principal sum, structured as to future damages, of $1,365,592.93, affirmed, without costs. The appeal from the original uncorrected judgment of the same court and Justice, entered October 13, 1995, is dismissed as subsumed in the appeal from the corrected judgment, without costs.

Plaintiff, who was running wiring through a series of holes in the ceiling of the premises, sustained injury while descending a ladder. The only issue presented by this appeal is whether he was engaged in the alteration or repair of a structure so as to come within the protection afforded by Labor Law § 240 (1).

In order to promote its remedial purpose, the courts have given a liberal construction to "altering" and "repairing", as those terms are applied to a building or structure within the contemplation of Labor Law § 240 (1). As noted in *Ponce v St. John's Cemetery* (222 AD2d 361, 364 [Rubin, J., dissenting]), the statute affords protection even where the work is not performed on the building itself. This Court has applied Labor Law § 240 (1) to cover a worker engaged in "repairing and replacing television cable wire that was attached to, and running through, the structure" (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 461) and to the replacement of a fire alarm system (*Tate v Clancy-Cullen Stor. Co.*, 171 AD2d 292, 295). Likewise, the Court of Appeals has permitted recovery under the statute to a worker engaged in removing a power cable from a telephone pole (*Lewis-Moors v Contel of N. Y.*, 78 NY2d 942) and to an electrician attempting to repair a sign (*Izrailev v Ficarra Furniture*, 70 NY2d 813).

We discern no support for the proposition, advanced by the dissenters, that the installation of computer and telephone service is "clearly distinguishable" from the installation of electrical or alarm service, to which the statute has been held applicable. Concur—Ellerin, J. P., Nardelli and Rubin, JJ.

Mazzarelli and Andrias, JJ., dissent in a memorandum by Andrias, J., as follows: Hagedorn, as the lessee of the 10th floor premises at 225 Broadway, hired third-party defendant Alpha Tele-Connect, Inc. to install six telephones and to run computer wires through a common hallway ceiling to an existing computer room to service four new computer terminals. Plaintiff, an Alpha employee, was standing on the second or

third step of a six foot metal A-frame ladder in order to pull the computer wires through holes in the ceiling, when the ladder collapsed.

This appeal brings up for review the court's ruling, made at the beginning of trial, granting plaintiffs summary judgment on their second cause of action premised on Labor Law § 240. In so ruling, the court relied primarily upon this Court's decision in *Rodriguez v New York City Hous. Auth.* (194 AD2d 460). However, unlike *Rodriguez*, where the injured plaintiff was engaged in repairing and replacing television cable wire which was attached to and running through the structure when he fell 15 to 20 feet from a ladder positioned next to the building, plaintiff here was standing on the third step of a ladder borrowed from Hagedorn in order to pull computer wires through holes in the ceiling. Given the strict liability imposed by the statute, routine activities involved in installing computer or telephone service are clearly distinguishable from the risks associated with the construction or demolition of a building. Nor did plaintiff's tasks involve the alteration or repair of the structure.

Therefore I would modify the judgment appealed from to grant summary judgment to defendant Hagedorn, dismissing plaintiffs' second cause of action, reinstate its third party complaint and remand the matter for a new trial only as to liability, if any, under plaintiffs' first cause of action based upon common-law negligence and, as so modified, I would affirm.