(March 12, 1998)

■ PAUL WEHMEYER, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant, and NEW YORK HELICOPTER TICKET OFFICE et al., Respondents. ASI SIGN SYSTEM, Third-Party Plaintiff-Respondent, v SERVICE SIGN ERECTORS CO., INC., Third-Party Defendant-Respondent. EASTERN AIRLINES, INC., Second Third-Party Plaintiff-Respondent, v SERVICE SIGN ERECTORS CO., INC., Second Third-Party Defendant-Respondent. [669 NYS2d 578] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 18, 1996, which granted defendants'

motions for summary judgment dismissing the complaint, and denied plaintiff's cross-motion for summary judgment on liability as against all defendants, unanimously modified, on the law, to deny the motion of defendants Eastern Airlines and Port Authority to dismiss plaintiff's Labor Law § 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff stepped from a ladder, which was placed next to a New York Helicopter ticket counter in the Eastern Airlines terminal, onto the counter, to inspect a sign he had hung on the wall. Plaintiff was unable to place the ladder in the space between the counter and the wall. He slipped on debris that was on the counter, while stepping backward to determine whether the sign was level. He fell to the ground and sustained multiple injuries, including fractured ribs and a contusion of his left kidney.

Because there is an outstanding factual issue as to whether plaintiff's employer provided safe and adequate equipment to protect against this elevation-related risk, we reinstate plaintiff's Labor Law § 240 (1) claim against defendants Eastern Airlines and Port Authority (*Prekulaj v Terano Realty*, 235 AD2d 201). However, the IAS Court properly dismissed plaintiff's claims against New York Helicopter and against ASI, the manufacturer of the sign.

Section 240 (1) imposes absolute liability on "contractors and owners and their agents" for worker injuries caused by certain elevation-related risks. However, New York Helicopter was not the owner of the work area where plaintiff fell; rather, it was only a prospective sub-lessee of that portion of the Eastern Airlines terminal. A party will not be held liable as a "contractor" under section 240 (1) unless he exercised some direction, control or supervision over the work (*Saaverda v East Fordham Road Real Estate Corp.*, 233 AD2d 125, 126 [no section 240 (1) liability for out-of-possession lessee who neither contracted for nor supervised plaintiff's work]). Similarly, ASI did not supervise the hanging of the sign. Though ASI surveyed the site to see what was required, and met with a Service Sign representative to review the installation requirements, this Court has previously held that such general directions to the subcontractor that employed the injured worker do not constitute sufficient control to give rise to section 240 (1) liability (*Mulligan v Cauldwell-Wingate Co.*, 18 AD2d 887, 888).

We have considered and rejected the plaintiff's remaining contentions.

Motion No. 6722 denied insofar as it seeks reargument or leave to appeal to the Court of Appeals; motion Nos. 6261 and

7666 are denied insofar as they seek leave to appeal to the Court of Appeals and a stay; motion Nos. 6261 and 7666 granted insofar as they seek reargument and thereupon this Court's unpublished decision and order entered on September 4, 1997 (Appeal No. 61254) is recalled and vacated and a new decision and order substituted therefor, decided simultaneously herewith. Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.