(October 29, 2002)

PATRICK PESCA et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents, and REGIONAL SCAFFOLDING & HOISTING Co., INC., Respondent-Appellant, et al., Defendant. [749 NYS2d 26] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered on or about August 9, 2001, which, to the extent appealed and cross-appealed from as limited by the briefs, denied the cross motions of defendants City of New York, A.J. Contracting Co., and Regional Scaffolding & Hoisting Co. insofar as such cross motions sought summary judgment dismissing plaintiffs' Labor Law § 240 (1) claim, denied plaintiffs' motion for partial summary judgment upon

their Labor Law claims, and granted aforementioned defendants' cross motions for summary judgment to the extent of dismissing plaintiffs' claims under Labor Law §§ 200 and 241 (6) and plaintiffs' claim for common-law negligence as against defendant Regional Scaffolding, unanimously modified, on the law, to deny defendant A.J. Contracting's cross motion to the extent that such cross motion seeks dismissal of plaintiffs' Labor Law § 200 (1) claim and to reinstate such claim against A.J. Contracting only, and to grant defendant Regional Scaffolding's cross motion to the extent of dismissing plaintiffs' common-law negligence cause against it insofar as such cause is premised upon the alleged defective or dangerous condition of the railing, and otherwise affirmed, without costs.

Summary judgment dismissing plaintiffs' Labor Law § 240 (1) claim was properly denied since the record discloses the existence of a triable issue of fact as to whether the railing of the construction site ramp upon which plaintiff's accident occurred constituted an adequate safety device, and, if it did not, whether such failure was the proximate cause of plaintiff's injury (*see* Labor Law § 240 [1]; *McCann v Central Synagogue,* 280 AD2d 298). Although plaintiff did not fall from the ramp, the injuries he allegedly sustained in preventing himself from falling may be compensable under Labor Law § 240 (1) if shown to have resulted from a failure to provide a proper safety device in accordance with the requirements of that statute (*see Dominguez v Lafayette-Boynton Hous. Corp.,* 240 AD2d 310; *Gramigna v Morse Diesel,* 210 AD2d 115).

Plaintiffs' Labor Law § 241 (6) claim was, however, properly dismissed by reason of plaintiffs' failure to allege as the requisite predicate for such claim defendants' violation of a sufficiently specific Industrial Code regulation (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505).

The motion court properly declined to dismiss plaintiffs' common-law negligence claim as against Regional Scaffolding for negligent construction of the ramp to the extent that there is evidence that the slope of the ramp was too steep. There is, however, no showing to support any other theory of negligence against Regional.

Finally, plaintiffs' Labor Law § 200 (1) cause of action against A.J. Contracting should be reinstated since the evidence establishes that plaintiff, at the time of the alleged accident, was directly supervised by that defendant's employees (*see e.g. Crespo v Triad, Inc.,* 294 AD2d 145). Concur—Williams, P.J., Tom, Mazzarelli, Sullivan and Gonzalez, JJ.