Galvez v Columbus 95th St. LLC (2018 NY Slip Op 03484)





Galvez v Columbus 95th St. LLC


2018 NY Slip Op 03484


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6562 300059/13 83941/13

[*1]Mario Galvez, Plaintiff-Appellant,
v
Columbus 95th Street LLC, et al., Defendants-Respondents. [And a Third-Party Action]


Gorayeb & Associates, P.C. New York (John M. Shaw of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Joel M. Simon of counsel), for Columbus 95th Street LLC, respondent.
Capehart & Scatcgard, P.A., New York (Alyson L. Knipe of counsel), for Xuncas Restoration Corp., respondent.
Weiner, Milo, Morgan & Bonanno, LLC, New York (Benjamin A. Jacobson of counsel), for Pinnacle Restoration Ltd, LLC, respondent.



Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered November 28, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the Labor Law § 240(1) and 241(6) claims, granted defendant Pinnacle Restoration Ltd, LLC's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against it, and denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and leave to amend the bill of particulars to allege violations of the 2008 Building Code of New York City (Administrative Code of City of NY), unanimously modified, on the law, to deny defendants' motions as to the Labor Law § 240(1) claim, and to grant plaintiff's motion for leave to amend the bill of particulars to allege a violation of § 3314.10.1 of the 2008 Building Code, and otherwise affirmed, without costs.
Plaintiff was injured while ascending to the top of a building on a motorized suspended scaffold. Plaintiff testified that the scaffold had swung into a recessed area between two horizontal concrete beams (spandrels) and, to clear the top spandrel, plaintiff and his coworker had to press their backs against the wall and use their legs to push the scaffold out as they moved it up. In pressing against the wall and pushing the scaffold with his legs, plaintiff injured his lower back.
Contrary to defendants' argument, the incident in which plaintiff was injured falls within the ambit of Labor Law § 240(1), because the scaffold proved inadequate to shield plaintiff from " harm directly flowing from the application of the force of gravity to an object or person'" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009] [emphasis removed], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; see also Dominguez v Lafayette-Boynton Hous. Corp., 240 AD2d 310 [1st Dept 1997]). The force of gravity caused the scaffold to swing into the recessed areas between the spandrels, necessitating that plaintiff and his coworker use their backs to exert force to swing the scaffold out again. Nevertheless, neither side is entitled to summary judgment, because an issue of fact exists as to whether plaintiff's negligence was the sole proximate cause of his injuries (see Montgomery v Federal Express Corp., 4 NY3d 805 [2005]). The testimony of plaintiff and his foreman conflict as to whether plaintiff had been instructed to push off the scaffold in the manner described.
Defendants are entitled to summary judgment dismissing the Labor Law § 241(6) claim, [*2]because Industrial Code (12 NYCRR) § 23-5.8(c)(2), which is concerned with the horizontal displacement of suspended scaffold platforms, is inapplicable to the facts of this case. While, contrary to defendants' contention, plaintiff's expert's calculations may be considered because the expert's conclusions are supported by evidence (see e.g. Cuevas v City of New York, 32 AD3d 372, 374 [1st Dept 2006]), they do not avail plaintiff, because it was not the horizontal displacement of the scaffold that caused his injury but the use of his back to push the scaffold.
Defendant Pinnacle Restoration Ltd, LLC, which supplied the suspended scaffold, is entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it because the evidence fails to show either that it had notice of a dangerous or defective condition on the work site or that it controlled the means and methods of plaintiff's work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Although Pinnacle supplied the scaffold, defendant Xuncas Restoration Corp., plaintiff's employer, installed it, and there is no evidence that Pinnacle's president or his son, who were the only Pinnacle personnel on site, and only periodically, had notice that it was inadequate or defective (cf. Higgins v 1790 Broadway Assoc., 261 AD2d 223, 225 [1st Dept 1999]). There is also no evidence that Pinnacle supervised, directed, or controlled plaintiff's work (see Ross, 81 NY2d at 505). Indeed, it is undisputed that Pinnacle did not direct Xuncas's work and that plaintiff received directions from his foreman only. The mere fact that Pinnacle had the authority to stop unsafe work does not show that it had the requisite degree of control and actually exercised that control (Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]).
The court improvidently exercised its discretion in denying plaintiff's motion for leave to amend his bill of particulars to add allegations that 2008 Building Code of New York City (Administrative Code of City of NY) § 3314.10.1 was violated (see Cherebin v Empress Ambulance Serv., Inc., 43 AD3d 364, 365 [1st Dept 2007]; Noetzell v Park Ave. Hall Hous. Dev. Fund Corp., 271 AD2d 231, 232-233 [1st Dept 2000]). Although plaintiff did not provide an excuse for his delay in seeking leave, the delay was relatively short, and defendants demonstrated no prejudice. The allegation that section 3314.10.1 was violated is consistent with plaintiff's original theory that the scaffold, as installed, was deficient and inadequate. That section mandated that suspended scaffolds "be erected and operated in such a manner that suspension elements are vertical and in a plane parallel to the wall at all times." Further, the evidence required to support this new allegation is contained in the record. The court properly denied plaintiff leave to add allegations that the other sections of the building code he cited were violated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK