Lindsay v CG Maiden Member, LLC (2023 NY Slip Op 01051)

Lindsay v CG Maiden Member, LLC

2023 NY Slip Op 01051

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 159454/17 Appeal No. 17392 Case No. 2022-03455 

[*1]Nathaniel Lindsay, Plaintiff-Respondent,
v
CG Maiden Member, LLC, et al., Defendants, Five Star Carting, L.L.C., Defendant-Appellant.

Perry, Van Etten, Rozanski & Kutner, LLP, New York (Kevin J. Brennan of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about July 15, 2022, which granted plaintiff's motion for summary judgment as to liability on his causes of action for common-law negligence and violations of Labor Law §§ 200 and 240(1) as against defendant Five Star Carting, L.L.C., unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim based on his testimony that he fell from an unsecured and wet A-frame ladder as he was trying to close a valve from which a water leak was emanating, and the testimony of his supervisor who saw him after he fell. This testimony established that plaintiff's work exposed him to an elevation-related risk against which defendant failed to provide him with proper protection (see Rodriguez v Milton Boron, LLC, 199 AD3d 537, 538 [1st Dept 2021]; Millligan v Tutor Perini Corp., 191 AD3d 437, 437-438 [1st Dept 2021]). In opposition, defendant submitted forms completed by plaintiff after the accident, contending that his descriptions of how he injured his shoulder were inconsistent with his testimony, thereby raising issues of fact as to credibility (e.g. Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]). However, that evidence does not controvert plaintiff's testimony that he injured his shoulder when he slipped on the ladder and then used a wrench to try to prevent himself from falling (see Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]; Pesca v City of New York, 298 AD2d 292, 293 [1st Dept 2002]).
Plaintiff was likewise entitled to partial summary judgment on his common-law negligence and Labor Law § 200 claims. Although there is no evidence that defendant supervised the means and methods of work, there is uncontested evidence that defendant's workers broke the pipe that caused the leak, and therefore created the dangerous condition that led to the accident (see Jackson v Hunter Roberts Constr., L.L.C., 205 AD3d 542, 543-544 [1st Dept 2022]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023