Interiano v Silverstein Galaxy Prop. Owner, LLC (2025 NY Slip Op 00159)

Interiano v Silverstein Galaxy Prop. Owner, LLC

2025 NY Slip Op 00159

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 157311/19 595089/21 Appeal No. 3469 Case No. 2023-05097 

[*1]Nely Gonzalez Interiano, Plaintiff-Respondent,
v
Silverstein Galaxy Property Owner, LLC, et al., Defendants-Appellants, Silverstein Properties, Inc., et al., Defendants. [And a Third-Party Action] 

Hannum Feretic Prendergast & Merlino, LLC, New York (Paul Golden of counsel), for appellants.
Subin Associates, LLP, New York (Denise A. Rubin of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered September 22, 2023, which, to the extent appealed from, granted plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) claim, unanimously affirmed, with costs.
This personal injury action stems from a fall plaintiff suffered while working on a motorized scaffold at the exterior fourth floor level of a building in Manhattan. Plaintiff began working on the scaffold the day before the accident, when she was assigned to assist a more senior coworker with the demolition of the exterior wall of the building. On both days she worked on the site, plaintiff asked her coworker to tie off the scaffold to the building, as coworkers on other scaffolds had done, but he refused to do so. On both days, the wind caused the unfastened scaffold to sway noticeably. Plaintiff repeatedly voiced her concerns about the swaying to both her coworker and supervisor prior to the accident, but the scaffold remained untied.
Plaintiff testified that her accident occurred when the wind, coupled with the force of her coworker's drill boring into the faÇade, again caused the scaffold to sway away from the building, causing her to lose her balance and fall backward into the scaffold railings, and then to the surface of the scaffold. Plaintiff suffered injuries, and this action ensued.
The court properly granted plaintiff summary judgment on her Labor Law § 240(1) claim. "Labor Law § 240(1) provides special protection to those engaged in the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 880 [2003]). The demolition work being performed by plaintiff on an elevated scaffold four stories from the ground clearly falls within the statute's protection (Dominguez v Lafayette-Boynton Hous. Corp., 240 AD2d 310, 312 [1st Dept 1997][plaintiff's accident on scaffold five stories high fell within ambit of statute], lv denied 24 NY3d 1216 [2015]). The scaffold violated Labor Law § 240(1)'s requirement that it be "so constructed, placed and operated as to give proper protection" to plaintiff. Specifically, defendants' failure to fasten the scaffold to the building directly caused plaintiff to be injured by the very safety device intended to protect her from the gravity-related risks posed by working on the building's fourth-floor exterior.
This case remains within the protection of the Labor Law even though plaintiff fell to the scaffold's floor, as opposed to falling off the scaffold entirely (see Dominguez, 240 AD2d at 312 ["an injured person need not fall completely off a scaffold to recover under Labor Law § 240(1) so long as the injury resulted from an elevated-related hazard"]; see also Pipia v Turner Constr. Co., 114 AD3d 424, 427 [1st Dept 2014][Labor Law § 240(1) applied where plaintiff's injuries resulted from fall on float stage, at the same level where he had been working[*2], while struggling to avoid the elevation-related risk of falling into the water]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025