LaGrippo v 95th & Third LLC (2025 NY Slip Op 02288)

LaGrippo v 95th & Third LLC

2025 NY Slip Op 02288

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 160806/18|Appeal No. 4147|Case No. 2023-06374|

[*1]Frank LaGrippo, as Administrator of the Estate of Louis M. LaGrippo, Deceased, Plaintiff-Appellant,
v
95th and Third LLC, et al., Defendants-Respondents.

Morgan Levine Dolan, Rego Park (Michael H. Zhu of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Patrick McAvaddy of counsel), for respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered November 6, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim and denied the motion of the injured plaintiff Louis M. LaGrippo (plaintiff) for summary judgment on the issue of liability on that claim, unanimously modified, on the law, to deny defendants' motion insofar as it sought to dismiss the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff, now deceased, testified at his deposition that he sustained biceps and shoulder injuries while installing a heavy marble slab on a bathroom wall during a construction project. To install the marble slab, plaintiff and his coworker were required to lift the slab onto two 15-inch-high inverted buckets set up on opposite ends of the slab, then stand on the buckets and attach two suction cups to the slab to lift it to the height of the bathroom ceiling. Plaintiff testified that his injury occurred as he was standing in an awkward position, trying to maintain his balance, because the "buckets were wobbling." According to plaintiff, his foreman had requested a baker scaffold but none was provided. Furthermore, the foreman and coworker averred that, although a baker scaffold could not be used in the space, a sturdy wooden bench could have been used to perform the job.
Defendants failed to establish prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 240 cause of action, as the record presents an issue of fact as to whether plaintiff was injured while trying to avoid falling from the bucket while lifting the marble slab, and whether the injury could have been prevented if defendants had provided an adequate protective device to enable him to accomplish his work at a height (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Prekulaj v Terano Realty, 235 AD2d 201, 202 [1st Dept 1997]). Because Labor Law § 240(1) applies so long as the "harm directly flowed from the application of the force of gravity to an object or person" (Lacey v Turner Constr. Co., 275 AD2d 734, 735 [2d Dept 2000][citation omitted]), plaintiff's claim is not defeated by the fact that he did not actually fall. On the contrary, this Court has consistently held that the statute applies where a worker was injured in the process of "preventing himself from falling" (Reavely v Yonkers Raceway Programs, Inc., 88 AD3d 561, 563 [1st Dept 2011] [citations omitted]; see York v Tappan Zee Constructors, LLC, 224 AD3d 527, 528 [1st Dept 2024]; Prekulaj, 235 AD2d at 202).
We reject defendants' argument that the protection of Labor Law § 240(1) is not available because the 15-inch-tall bucket was not a "physically significant" elevation differential. This Court has found that an inverted bucket is an inadequate safety device to raise a worker to the height required to perform the work and presents a risk within the [*2]ambit of the statute (see Portillo v DRMBRE-85 Fee LLC, 191 AD3d 613, 614 [1st Dept 2021]; Ferguson v Durst Pyramid, LLC, 178 AD3d 634, 635 [1st Dept 2019]; see also DeOleo v 90 Fifth Owner, LLC, 231 AD3d 643, 644 [1st Dept 2024]). The cases on which defendants rely, involving makeshift ramps, are distinguishable in that the use of a ramp did not expose the plaintiffs to an elevation-related risk (see e.g. Sawczyszyn v New York Univ., 158 AD3d 510 [1st Dept 2018]).
Defendants did not raise an issue of fact as to whether plaintiff was a recalcitrant worker as there was no evidence that he was expected to use a wooden bench instead of an inverted bucket, that anyone instructed him to use a bench, or that a bench was available (see DeOleo, 231 AD3d at 644).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025